*In re* FORFEITURE OF $30,632.41

Docket No. 113104. Submitted April 17, 1990, at Lansing. Decided July 17, 1990.

The City of Lansing, having seized $30,632.41 from the residence of Kenneth Williams, instituted proceedings in Ingham Circuit Court for the forfeiture of the sum pursuant to the controlled substances act. Pearl Williams, as personal representative of the estate of the now deceased Williams, challenged the forfeiture. The trial court, Peter D. Houk, J., ordered the City of Lansing to return the money seized and disgorge any interest it earned while it held the sum seized. The city appealed.

The Court of Appeals *held:*

The trial court, in the exercise of its powers of equity, did not err in ordering the city to disgorge the interest it had earned during the time it had control of the money seized.

Affirmed.

FORFEITURES AND PENALTIES — CONTROLLED SUBSTANCES ACT — CIRCUIT COURTS.

In proceedings for the forfeiture of money pursuant to the controlled substances act, a circuit court, if it orders a return of the money seized, may order the seizing authority to disgorge and return to the claimant any interest the authority may have earned on the money while the money was in the authority's possession (MCL 333.7521[1][f], 600.601; MSA 14.15[7521][1] [f], 27A.601).

*Donald E. Martin,* Prosecuting Attorney, and *Guy L. Sweet,* Assistant Prosecuting Attorney, for the City of Lansing.

*Abood, Abood & Rheaume, P.C.* (by *William E. Rheaume*), for Pearl Williams.

REFERENCES
Am Jur 2d, Drugs, Narcotics, and Poisons § 48.7.
See the Index to Annotations under Drugs and Narcotics; Fines, Penalties, and Forfeitures; Interest on Money.

Before: WEAVER, P.J., and GILLIS and CAV-
ANAGH, JJ.

PER CURIAM. Plaintiff, the City of Lansing, ap-
peals as of right from the order requiring the
payment of interest on money which was the
subject of a forfeiture proceeding decided in favor
of claimant. We affirm.

On April 7, 1983, Kenneth Williams' residence
was searched, and $30,632.41 was seized. On Au-
gust 22, 1988, the issue of forfeiture was finally
decided, when the court dismissed the forfeiture
complaint and ordered the seized property re-
turned to the estate of Kenneth Williams.

Shortly thereafter claimant filed a motion re-
questing that the court order payment of interest
on the money seized during the search. Following
oral arguments the circuit court granted the mo-
tion and ordered the city to pay interest on the
money from the date of seizure through the date of
payment, at the rate actually earned by the city,
in six-month increments. (As all parties concede,
in effect the court ordered the city to return to
claimant that interest which the city actually
earned on the money.)

I

The city first argues that the court erred in
ordering it to disgorge all interest it had earned on
the seized money and asserts that interest is due
only from the date of judgment.

Forfeiture proceedings are in rem civil proceed-
ings. *People v US Currency,* 158 Mich App 126;
404 NW2d 634 (1986); *In re Forfeiture of $28,088,*
172 Mich App 200; 431 NW2d 437 (1988). The civil
in rem forfeiture proceeding is a legal anomaly
that proceeds on an archaic theory that inanimate

objects themselves can be guilty of wrongdoing. Winn, *Seizures of private property in the war against drugs: What process is due?* 41 Southwestern L J 1111 (1988). Michigan's drug forfeiture statute provides that forfeiture of "[a]nything of value that is furnished or intended to be furnished in exchange for a controlled substance . . . or traceable to an exchange of a controlled substance in violation of this article . . ." is allowed. MCL 333.7521(1)(f); MSA 14.15(7521)(1)(f). The statute further provides that "money that is found in close proximity to any property that is subject to forfeiture . . . shall be presumed to be subject to forfeiture."

The forfeiture statute is silent on the issue of interest. However, our circuit courts possess the traditional power of equity courts.[1] MCL 600.601; MSA 27A.601. It is a well-recognized principle of equity that no one may be made richer through another's loss. *Ollig v Eagles,* 347 Mich 49; 78 NW2d 553 (1956).

During the more than five years that the City of Lansing had possession of the money, it was able to earn interest on the sum while claimant was not. Appellant argues that claimant is not entitled to receive interest because the money was not in an interest bearing account when seized. We find this argument spurious—claimant is entitled to use the money for any legitimate means that pleases claimant. The fact that at the time of seizure the money was not earning interest does not entitle the city to a windfall.

We need not address the issue whether interest

[1] While as a general rule it might be more appropriate to address the issue of unauthorized use of property held in custody under the principles of bailment, we are aware of the 1938 Michigan Supreme Court definition of bailment as relating to personal property *other* than money. *Goldman v Phantom Freight, Inc,* 162 Mich App 472; 413 NW2d 433 (1987).

should be awarded on money seized and ultimately returned. Our ruling is limited to holding that the circuit court did not err in ordering the city to disgorge the interest it had earned during the time it had control of the money seized.

II

Claimant argues that the court erred in ordering plaintiff to pay interest pursuant to the judgment interest statute.

In its judgment the circuit court ordered that if the city could not determine the interest actually earned, it must pay interest pursuant to the judgment interest statute.

The propriety of this ruling is moot, as the record shows the city was able to determine the interest actually earned. We therefore decline to address the issue.

Finding no error requiring reversal, we affirm the order below.