*In re* FORFEITURE OF $176,598

Docket No. 209814. Submitted July 11, 2000, at Detroit. Decided August 25, 2000, at 9:10 A.M.

In proceedings initiated by the Wayne County Prosecutor in the Wayne Circuit Court for the forfeiture of $176,598 and items of property pursuant to the controlled substances provisions of the Public Health Code, MCL 333.7501 *et seq.*; MSA 14.15(7501) *et seq.*, the trial court, James J. Rashid, J., entered a judgment requiring the city of Detroit, the custodian of the seized money and property, to pay claimant Nathaniel Wilson $186,339.38. The judgment was entered ten years after the money and property were seized, during which period the claimant and the prosecutor pursued appeals concerning the constitutionality of the seizure, and the federal and state governments made claims on the seized money. The claimant appealed by delayed leave granted the trial court's denial of an award of interest pursuant to MCL 600.6013; MSA 27A.6013.

The Court of Appeals *held*:

MCL 600.6013(1); MSA 27A.6013(1) provides that interest shall be allowed on a money judgment recovered in a civil action. This case involves a civil action, because a forfeiture proceeding is an in rem civil proceeding. The judgment at issue is a money judgment, because it calls for the payment of money rather than the doing of an act. Accordingly, the claimant is entitled to an award of interest pursuant to subsection 6013(1). On remand, the trial court is to award interest to the claimant. In calculating interest, the trial court must not award interest for those periods of delay in resolving the proceedings below that were not the fault of, or caused by, the city.

Reversed and remanded.

JUDGMENTS — INTEREST — DRUG FORFEITURES.

A judgment requiring the payment of money to a claimant of money or property involved in a forfeiture proceeding brought pursuant to the controlled substance provisions of the Public Health Code, when entered in the forfeiture proceeding, is a money judgment for which interest shall be allowed (MCL 333.7501 *et seq.*, 600.6013[1]; MSA 14.15[7501] *et seq.*, 27A.6013[1]).

*Ben M. Gonek* and *Peggy K. Madden*, for Nathaniel Wilson.

*Joanne D. Stafford*, Chief Assistant Corporation Counsel, for city of Detroit.

Before: CAVANAGH, P.J., and HOLBROOK, JR., and KELLY, JJ.

CAVANAGH, P.J. Claimant, Nathaniel Wilson, appeals by delayed leave granted from the trial court order denying his request for statutory interest on a judgment ordering the return of funds seized twelve years ago under the controlled substance forfeiture statute, MCL 333.7521; MSA 14.15(7521), and in the custody of the city of Detroit. We reverse and remand for further proceedings.

The following summary of the facts of this case is taken from *In re Forfeiture of $176,598*, 443 Mich 261, 262-263; 505 NW2d 201 (1993):

On December 17, 1986, two Detroit police officers responded to an activated residential security alarm on Corbett Street. Upon their arrival, the officers checked the residence and its perimeter for signs of forced entry. A light was on inside the home. A small casement window was broken, and security bars previously located inside the window were pushed away. On the ground outside the window, the officers found a lug wrench, a bar, and a stocking cap. The officers radioed for a backup police unit. When the additional police officers arrived, they boosted the original officers through the broken casement window and into the home.

Two of the officers searched the home for intruders. On the main floor level, the officers entered what appeared to be a den in which clothes were strewn about the room. A trunk was in the middle of the room. The officers failed to

find any intruders and consequently released the backup unit.

The officers then searched the home for information that would assist them in identifying its owner. One of the officers found a telephone bill belonging to Bessie Wilson, a relative of claimant, and called the telephone numbers listed on the bill. The other officer found an envelope with "$4,000" written on it. The envelope contained forty one-hundred dollar bills. The officers then found a brown paper bag on the trunk in the den; "$10,000" and a name were written on the bag, which, in fact, contained a large sum of money. In the trunk were two large bags of money, one of which was a shopping bag that had torn from the weight of the cash. The officers immediately contacted the police unit that had just left the home. Unable to contact the owner of the residence or otherwise satisfactorily secure the premises, the officers removed the money from the home.

The police transported the money to the Ninth Precinct station, where an inspector directed the officers to take the cash to the property room at police headquarters. After being counted in the property room, the money was taken to an inspector's office. The police placed the money in a cardboard box, set the box in a closet, and closed the closet door. A controlled-substance-trained canine was released in the room. After sniffing around the room for a short period of time, the "drug dog" moved quickly to the closet where the money was located. After the closet door was opened, the dog began carrying bundles of the money to its trainer, indicating that the money had been in proximity to controlled substances.

Claimant asserted ownership of the seized cash, and the Wayne County Prosecutor filed a petition for civil forfeiture pursuant to MCL 333.7501 *et seq.*; MSA 14.15(7501) *et seq.* The prosecutor subsequently amended the petition, seeking to add the property, including $9,118 in cash, seized during the July 28, 1986, execution of a search warrant at claimant's house on Chalmers.

Following a bench trial, the trial court entered an order of forfeiture with respect to all the items. This Court reversed, holding that the search of the house on Corbett had been illegal and the forfeiture proceeding regarding the property seized from the house on Chalmers had not been properly instituted.[1] The prosecutor sought leave to appeal the portion of the opinion regarding the money seized from the house on Corbett.[2] The Supreme Court found that the police had properly entered the Corbett Street residence under the exigent circumstances exception to the warrant requirement, but remanded the case to this Court for consideration of the propriety of the search of the trunk. See *id.* at 271-272. On remand, this Court ruled that the police exceeded the scope of their authority in searching the trunk and again vacated the order of forfeiture.[3]

In January 1996, claimant filed a motion for return of the money with interest. Several scheduled hearings on the motion were adjourned, apparently in part because of related proceedings in other courts. In July 1991, claimant had been convicted in federal court of various controlled substance offenses, and the United States government filed a lien against the money for the cost of incarceration. It was ultimately determined that the federal government would re-

---

[1] *People ex rel Wayne Co Prosecutor v $176,598*, unpublished opinion per curiam of the Court of Appeals, issued November 7, 1991 (Docket No. 101884).

[2] On claimant's motion, the trial court entered an order directing the Detroit Police Department to return the $9,118 taken from the house on Chalmers plus $2,000 in accrued interest.

[3] *People ex rel Wayne Co Prosecutor v $176,598 (On Remand)*, unpublished opinion per curiam of the Court of Appeals, issued May 23, 1994 (Docket No. 168073).

ceive $102,911.21 of the funds. In addition, the Oakland Circuit Court had to resolve a claim by the Michigan Department of Treasury, which had obtained a judgment against claimant's attorney and claimed a right to that portion of the money that was to be paid as his attorney fee in this case. Eventually, it was agreed that the $5,000 payable to claimant's attorney as his fee would be transferred to the state of Michigan.

At a hearing on January 17, 1997, claimant requested the return of the money, plus statutory interest pursuant to MCL 600.6013; MSA 27A.6013. The trial court denied claimant's request, finding that he was entitled only to the interest that had actually been earned on the money. However, the court subsequently entered a judgment requiring the city to pay $186,339.38 to claimant and $5,000 to the state.

In his sole issue on appeal, claimant maintains that the trial court erred in finding that he was not entitled to receive statutory interest. Issues concerning the interpretation and application of statutes are questions of law that are reviewed de novo. *Lincoln v General Motors Corp*, 461 Mich 483, 489-490; 607 NW2d 73 (2000).

The forfeiture statute is silent on the issue of interest. Nevertheless, in *In re Forfeiture of $30,632.41*, 184 Mich App 677, 679; 459 NW2d 99 (1990), this Court held that the plaintiff city was required to pay the claimant the interest that had been actually earned on the claimant's money, even though the money had not been in an interest-bearing account when it had been seized. The panel reasoned that the fact that the money had not been earning interest at the time of seizure did not entitle the city to a wind-

fall. See *id.* However, the panel found it unnecessary to address whether it was appropriate to require the plaintiff to pay interest pursuant to the judgment interest statute. See *id.* at 680.

MCL 600.6013(1); MSA 27A.6013(1) provides in pertinent part, "Interest shall be allowed on a money judgment recovered in a civil action, as provided in this section." The purpose of the statute is to compensate the prevailing party for the loss of use of the funds awarded as a money judgment and for the costs of litigation. *Old Orchard by the Bay Associates v Hamilton Mut Ins Co*, 434 Mich 244, 252; 454 NW2d 73 (1990). The provision is remedial in nature and so must be liberally construed. See *id.* at 260.

This case involves a civil action, because a forfeiture proceeding is an in rem civil proceeding. See *In re Forfeiture of $18,000*, 189 Mich App 1, 4; 471 NW2d 628 (1991). Thus, the question presented is whether the judgment at issue constitutes a "money judgment" under MCL 600.6013(1); MSA 27A.6013(1). This Court has previously held that a "money judgment" is one that adjudges the payment of a sum of money, as distinguished from directing an act to be done. *Marina Bay Condominiums, Inc v Schlegel*, 167 Mich App 602, 609; 423 NW2d 284 (1988); *City of Warren v Dannis*, 136 Mich App 651, 662-663; 357 NW2d 731 (1984). The judgment at issue calls for the payment of money, rather than the doing of an act, such as the return of a specific item of personal property.[4] As such, we conclude that it qualifies as a

---

[4] Unlike real or personal property, money is fungible. *Michigan Soft Drink Ass'n v Dep't of Treasury*, 206 Mich App 392, 405-406; 522 NW2d 643 (1994), quoting *Maine Beer & Wine Wholesalers Ass'n v Maine*, 619

"money judgment" for purposes of MCL 600.6013(1); MSA 27A.6013(1).

The city asserts that MCL 600.6013(1); MSA 27A.6013(1) is inapplicable because the only cause of action was the civil forfeiture suit brought by the prosecutor. We recognize that this Court has often framed its discussion of MCL 600.6013(1); MSA 27A.6013(1) in terms of the typical civil action in which a plaintiff files a complaint sounding in tort or contract in which he requests money damages and ultimately prevails against the defendant. See, e.g., *Phinney v Perlmutter*, 222 Mich App 513, 541; 564 NW2d 532 (1997); *Hadfield v Oakland Co Drain Comm'r*, 218 Mich App 351, 356-357; 554 NW2d 43 (1996); *Goins v Ford Motor Co*, 131 Mich App 185, 202; 347 NW2d 184 (1983). The statute, however, merely states that statutory interest must be awarded on a money judgment recovered in a civil action. Although an award of statutory interest is subject to various limitations set forth in the statute, none of which is applicable here, the statute nowhere requires that the recipient be the plaintiff in the underlying action. Had the Legislature intended such a result, it could easily have included the appropriate language. In the absence of any such limitation, we conclude that claimant, as the recipient of a money judgment recovered in a civil action, was entitled to receive statutory interest, and the trial court erred in finding to the contrary.[5]

---

A2d 94, 98 (Me, 1993), quoting *United States v Sperry Corp*, 493 US 52, 62, n 9; 110 S Ct 387; 107 L Ed 2d 290 (1989).

[5] Our conclusion is not affected by the fact that MCL 600.6013; MSA 27A.6013 requires the calculation of interest from the date of the filing of the complaint, because MCL 333.7523(1); MSA 14.15(7523) directs that, where property is seized without process, "forfeiture proceedings shall be

We note that the purpose of the statute is served by requiring the payment of statutory interest by a government entity that unsuccessfully sought forfeiture of a claimant's money to pay statutory interest. In such a case, the claimant is deprived of the use of the funds and must expend his own resources to oppose the forfeiture. See *Old Orchard by the Bay Associates, supra* at 252. In addition, the Legislature may well have intended that prejudgment interest be available in these circumstances in order to deter a government entity from pursuing dubious forfeiture complaints, all the while being secure in the knowledge that its failure to prevail would not cause it to suffer any detriment.

Finally, the city contends that the delay in the return of the currency to claimant was attributable in large measure to the claims made by the United States government and the state of Michigan. A court may disallow prejudgment interest for periods of delay where the delay was not the fault of, or caused by, the debtor. *Phinney, supra.* In addition, this Court has held that prejudgment interest does not continue to accrue during the appellate process. See *Dedes v Asch*, 233 Mich App 329, 340; 590 NW2d 605 (1998). We therefore remand to the trial court so that it can determine how much of the delay in resolving these proceedings may properly be attributed to the city and calculate the interest accordingly.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

---

instituted promptly." See *In re Forfeiture of One 1983 Cadillac*, 176 Mich App 277, 280; 439 NW2d 346 (1989).