*Michigan Supreme Court*
*Lansing, Michigan 48909*

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED SEPTEMBER 25, 2001**

PEOPLE OF THE STATE OF MICHIGAN,
*ex rel* WAYNE COUNTY PROSECUTOR,

    Plaintiff,

v                                          No. 117689

$176,598.00 UNITED STATES
CURRENCY, MISCELLANEOUS RECORDS,
THREE (3) FIREARMS, ONE (1) SAFE,
AND MISCELLANEOUS ITEMS OF JEWELRY,

    Defendants,

and

NATHANIEL WILSON,

    Claimant-Appellee,

v

CITY OF DETROIT,

    Appellant.
_____

PER CURIAM

    The issue raised in this appeal is whether statutory interest under MCL 600.6013 is owed when money that was the

subject of a forfeiture proceeding under the controlled substances laws is ordered returned to the owner. The Court of Appeals held that statutory interest must be paid.

We conclude that money ordered returned to its owner under the forfeiture procedure does not constitute a "money judgment recovered in a civil action," and thus statutory interest is not payable.

I

In December 1986, Detroit police officers responded to a residential security alarm and entered the home of Nathaniel Wilson on Corbett Street on the suspicion that a burglary was in progress. The officers found no intruders, but they did find $167,480 in cash. Circumstances suggested that the money may have been related to drug trafficking. It was taken to the police station, and dogs trained to detect controlled substances indicated the presence of such scent on the currency.

The Wayne County Prosecutor brought a civil forfeiture action for the funds, as well as for $9,118 in cash that had been seized earlier from another house (on Chalmers Street) occupied by Wilson. Wilson defended and asked that the money be returned to him.

A bench trial followed, and the circuit court ordered the forfeiture. However, the Court of Appeals reversed, holding that the search of the house on Corbett had been illegal, and

2

that forfeiture proceedings regarding the property seized from the house on Chalmers had not been properly instituted.[1] However, we granted the prosecutor's application for leave to appeal, and reversed, holding that the entry and search of the Corbett residence without a warrant[2] was lawful because it was supported by probable cause and occurred under exigent circumstances.[3]  We remanded to the Court of Appeals for further proceedings.

On remand, the Court of Appeals again reversed the order of forfeiture, holding that the police had exceeded the scope of their authority by searching a trunk where most of the money was found.[4]  We denied leave to appeal.[5]

Having prevailed in the forfeiture proceeding, Wilson brought a motion for return of the money, and asked for an award of statutory judgment interest.  There was some delay because of liens filed by the United States government and the Michigan Department of Treasury.[6]  Following a hearing, the

---

[1] Unpublished opinion per curiam, issued November 7, 1991 (Docket No. 101884).

[2] The prosecutor had not appealed the Court of Appeals ruling regarding the $9,118 seized from the house on Chalmers.

[3] 443 Mich 261; 505 NW2d 201 (1993).

[4] *(On Remand)*, unpublished opinion per curiam, issued May 23, 1994 (Docket No. 168073).

[5] 447 Mich 980; 525 NW2d 451 (1994).

[6]  Wilson had been sentenced to federal prison on a 1991 drug conviction.  The United States lien was filed to recover

Wayne Circuit Court entered an order on February 25, 1997, requiring the city of Detroit to return the money involved in the forfeiture action, but denying Wilson's claim for statutory judgment interest.

Wilson filed a delayed application for leave to appeal, which the Court of Appeals granted. It then reversed, holding that the decree directing return of the funds was a money judgment in a civil action, entitling Wilson to interest under § 6013(1). It directed the circuit court to calculate the amount of interest, explaining that interest should not be awarded for those periods of delay in the forfeiture proceeding that were not attributable to the city.[7]

The city of Detroit has filed an application for leave to appeal to this Court.

## II

Whether RJA § 6013 applies in the circumstances of this case is a question of statutory interpretation, which we review de novo. *Brown v Michigan Health Care Corp*, 463 Mich 368, 374; 617 NW2d 301 (2000); *Sands Appliance Services, Inc v Wilson*, 463 Mich 231, 238; 615 NW2d 241 (2000).

---

the costs of his incarceration. Eventually, $102,911.21 of the money was paid to the U.S. government. The Michigan Department of Treasury's lien concerned Wilson's lawyer. The Treasury sought a portion of the attorney fee to help satisfy a tax judgment against him, and $5,000 from the fund was paid to the state on that judgment.

[7] 242 Mich App 342; 618 NW2d 922 (2000).

RJA § 6013(1) provides that "[i]nterest shall be allowed on a money judgment recovered in a civil action," as provided in that section.[8] For the purpose of the judgment interest statute, a money judgment is one that orders the payment of a sum of money, as distinguished from an order directing an act to be done or property to be restored or transferred. *Stewart v Isbell*, 155 Mich App 65, 80; 399 NW2d 440 (1986); *Moore v Carney*, 84 Mich App 399, 404; 269 NW2d 614 (1978).[9]

The forfeiture statute itself is silent on the issue of interest. However, its provisions make clear that an order returning seized currency following a drug forfeiture trial is not a money judgment, but rather an order for the return of specific personal property.[10] For example, MCL 333.7521(1)(f)

---

[8] The remaining subsections specify the interest rates applicable to various periods, cover the effect of offers of settlement on entitlement to interest, and include specific provisions applicable to medical malpractice cases.

[9] This distinction reflects the purpose of § 6013, which is "to compensate the prevailing party for the expenses incurred in bringing an action and for the delay in receiving money damages." *Phinney v Perlmutter*, 222 Mich App 513, 541; 564 NW2d 532 (1997).

[10] The Michigan drug forfeiture statute is drawn from the model of the federal drug laws, which treat seized currency in the same manner as other seized personal property. *In re Forfeiture of $11,800 US Currency*, 174 Mich App 727, 729; 436 NW2d 449 (1989). Under the federal statute, forfeiture proceedings are in rem actions against the property. *United States v One 1985 Mercedes*, 917 F2d 415, 419 (CA 9, 1990); *United States v Real Property Located at Incline Village*, 47 F3d 1511, 1519 (CA 9, 1995), rev'd on other grounds *Degen v*

states:

> The following *property* is subject to forfeiture:
>
> > Any thing of value that is furnished or intended to be furnished in exchange for a controlled substance . . . *including, but not limited to, money*, negotiable instruments, or securities. . . . Any money that is found in close proximity to any property that is subject to forfeiture under subdivision (a), (b), (c), (d) or (e) shall be presumed to be subject to forfeiture under this subdivision. This presumption may be rebutted by clear and convincing evidence. [Emphasis added.]

Likewise, MCL 333.7523(1) decrees that "forfeiture proceedings shall be instituted promptly" and sets forth the "procedure (that) shall be used" where "*property* is seized pursuant to section 7522." (Emphasis added.) Section 7523(1)(c) instructs an owner of seized property how to seek recovery of the "property" in forfeiture proceedings. Perhaps most significant is MCL 333.7523(2), which equates the statutory recovery of anything seized as part of a drug forfeiture with a civil action to recover "personal property":

> > Property taken or detained under this article or pursuant to section 17766a shall not be subject to *an action to recover personal property*, but is deemed to be in the custody of the seizing agency subject only to this section or an order and judgment of the court having jurisdiction over the forfeiture proceedings. . . . [Emphasis added.]

---

*United States*, 517 US 820; 116 S Ct 1777; 135 L Ed 2d 102 (1996). The return of seized property is treated as an act of *restoration*, rather than as an award of monetary compensation for damages suffered by a party. See, e.g., *United States v One 1979 Cadillac*, 833 F2d 994, 998 (CA Fed, 1987).

In addition, the language of § 6013 itself indicates that the proceeding here does not constitute a "civil action" for the purpose of that rule. Subsections (2) through (6) suggest that a complaint must be filed with the court by the person who has recovered the money judgment. Each subsection begins with the phrase, "for complaints filed," or contains other language referencing the filing of a "complaint." Wilson did not file any such complaint in this proceeding. Therefore, rather than being the prevailing claimant in a civil action, Wilson was merely the owner of property that the prosecutor unsuccessfully sought to seize in a forfeiture action initiated by the latter. The trial court's order was not an adjudication of an action for money damages, but rather one for the delivery of property that had been the subject of a forfeiture action.[11]

In other contexts, the case law has denied interest under § 6013 in proceedings that, like drug forfeitures, are not typical civil actions preceding an award of a money judgment. See, e.g., *Reigle v Reigle*, 189 Mich App 386, 392-393; 474 NW2d 297 (1991) (the statute does not apply to money awards in divorce judgments); *Oliver v State Police*, 132 Mich App 558,

---

[11] If Wilson thought that the police had behaved unlawfully here (as opposed merely to having not prevailed), he was free to bring a civil action for damages. Alternatively, he had the option of suing in federal court under 42 USC 1983.

572-577; 349 NW2d 211 (1984) (no statutory interest on an award of back pay in a circuit court review of an employee discharge under civil service laws); *In re Cole Estate*, 120 Mich App 539, 548-551; 328 NW2d 76 (1982) (an order awarding a forced share in an estate is not a "money judgment recovered in a civil action" entitling a spouse to an award of judgment interest).[12]

The Court of Appeals decision also creates the danger of what the trial court called "imposing a penalty on the seizing agency." Michigan law prohibits law enforcement agencies from depositing currency seized pursuant to a warrant into an interest bearing bank account until the currency no longer is needed as evidence in any trial. See MCL 780.655; *In re Forfeiture of $25,505 US Currency*, 220 Mich App 572, 577; 560 NW2d 341 (1996). The decision of the Court of Appeals could result in police departments being compelled to pay judgment interest on money that they were statutorily prohibited from depositing into an interest bearing account.

---

[12] There are some cases that award the prevailing party the interest which the seizing governmental unit *actually* earned on the property while it was in the governmental unit's possession. See, e.g., *United States v $515,060.42 in US Currency*, 152 F3d 491, 504-506 (CA 6, 1998); *In re Forfeiture of $30,632.41*, 184 Mich App 677, 678-680; 459 NW2d 99 (1990). Those awards are based on the court's traditional equity powers to avoid a windfall to the governmental agency from its possession of property. In this case, the funds were deposited in an interest-bearing account for part of the time they were in the city's possession, and this interest earned was, in fact, paid to Wilson under the circuit court's order.

We conclude that the order directing return of the seized funds to Wilson was not a money judgment in a civil action under § 6013. Accordingly, we reverse the judgment of the Court of Appeals and reinstate the Wayne Circuit Court's February 25, 1997, order denying interest.

CORRIGAN, C.J., and CAVANAGH, WEAVER, KELLY, TAYLOR, YOUNG, and MARKMAN, JJ., concurred.