# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* FORFEITURE OF 2007 FORD FOCUS.

---

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

2007 FORD FOCUS, VIN NO.
1FAHP34N57W192507,

      Defendant,

and

STEVEN ROSS,

      Claimant-Appellant.

UNPUBLISHED
October 8, 2015

No. 321640
Wayne Circuit Court
LC No. 13-004428-CF

---

Before: GADOLA, P.J., and JANSEN and BECKERING, JJ.

PER CURIAM.

Claimant, Steven Ross, appeals as of right a judgment of forfeiture. We reverse and remand.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

This case arises from a traffic stop in which Westland Police Officer Robert Fruit found a gram of marijuana in claimant's 2007 Ford Focus. Claimant's daughter, Linda Ross, was the driver and sole occupant of the vehicle. Linda worked as a delivery driver and had received the marijuana as a tip earlier in the day after delivering a pizza to a customer.[1]

---

[1] Contrary to what is stated in the dissenting opinion, neither party disputes Linda's contention that she did not purchase the marijuana; rather, it was given to her as a tip, in addition to cash,

-1-

On April 2, 2013, plaintiff filed a complaint for judgment of forfeiture under MCL 333.7521. In response, claimant asserted that forfeiture was not appropriate because Linda had not used or intended to use the vehicle to sell or receive a controlled substance. At a forfeiture trial, Fruit testified that Linda told him, upon her arrest, that she purchased the marijuana from a customer to whom she had delivered a pizza. However, Linda testified, and the trial court found credible, that she received the marijuana as a tip for delivering pizza and that she did not intend to go to the customer's house in order to purchase the marijuana.

At the close of proofs, claimant argued that Linda's only intent was to deliver a pizza and that she "just so happen[ed]" to obtain marijuana during the course of her delivery. Claimant argued that this unintended receipt of a controlled substance did not subject the vehicle to forfeiture. Rather, Linda merely possessed the marijuana, which, pursuant to an exception found in MCL 333.7521(1)(d)(*iii*), prohibited forfeiture of the vehicle. The trial court agreed with claimant's contention that, in order to be subject to forfeiture, plaintiff had to show "more than mere possession." However, the court opined that the evidence in this case showed that the vehicle was used for the purpose of receiving a drug. According to the trial court, the evidence in support of this finding was "the undisputed testimony . . . of [Linda] that in fact she used the vehicle to deliver a pizza and she received the marijuana . . . ." Consequently, held the trial court, the instant case was more than a "mere possession" case because the evidence "demonstrates unequivocally and without question that in fact the car was used to receive marijuana."

## II. ANALYSIS

Claimant contends that the trial court erred in entering a judgment of forfeiture on his vehicle because Linda merely possessed the marijuana found in the vehicle, which is not a conveyance subject to forfeiture; she did not use or intend to use the vehicle to facilitate transportation for the purpose of sale or receipt of the marijuana (e.g. to facilitate a marijuana transaction), as is required for forfeiture to apply under MCL 333.7521(1)(d). We agree.

## A. STANDARD OF REVIEW

We review for clear error a trial court's decision in a forfeiture proceeding. *In re Forfeiture of $180,975*, 478 Mich 444, 450; 734 NW2d 489 (2007). Likewise, we review for clear error a trial court's findings of fact. *In re Forfeiture of $25,505*, 220 Mich App 572, 581; 560 NW2d 341 (1996). "A finding is clearly erroneous where, although there is evidence to support it, the reviewing court is firmly convinced that a mistake has been made." *Forfeiture of $180,975*, 478 Mich at 450. "In applying the clearly erroneous standard, regard is given to the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." *In re Forfeiture of $19,250*, 209 Mich App 20, 29; 530 NW2d 759 (1995). We review de novo questions of law such as the interpretation and application of statutes. *People v $176,598 US Currency*, 242 Mich App 342, 346; 618 NW2d 922 (2000).

---

from a customer. As noted later in this opinion, the trial court also accepted this as true. The dissent is thus weighing in on credibility sua sponte.

## B. MCL 333.7521

Resolution of the issue in this case requires the interpretation and application of MCL 333.7521. As our Supreme Court recently stated:

> When interpreting a statute, we follow the established rules of statutory construction, the foremost of which is to ascertain and give effect to the intent of the Legislature. We begin this analysis by examining the language of the statute itself, as this is the most reliable evidence of that intent. If the language of a statute is clear and unambiguous, we presume that the Legislature intended the meaning clearly expressed. Accordingly, the statute must be enforced as written and no further judicial construction is permitted. To the extent possible, effect should be given to every phrase, clause, and word in the statute, and no word should be treated as surplusage or rendered nugatory. [*Gardner v Dep't of Treasury*, ___ Mich ___, ___; ___ NW2d ___ (2015) (issued July 9, 2015, Docket Nos. 150293, 150294, 150295) (citations omitted), slip op at 5-6.]

MCL 333.7521 *et seq.*, governs property subject to forfeiture under the Public Health Code. The statute provides, in relevant part:

> (1) The following property is subject to forfeiture:
>
> * * *
>
> (a) A prescription form, controlled substance, an imitation controlled substance, a controlled substance analogue, or other drug that has been manufactured, distributed, dispensed, used, possessed, or acquired in violation of this article.
>
> * * *
>
> (d) *Except as provided in subparagraphs (i) to (iv)*, a conveyance,[2] including an aircraft, vehicle, or vessel used or intended for use, to transport, or in any manner to facilitate the transportation, for the purpose of sale or receipt of property described in subdivision (a) or (b):
>
> * * *
>
> (*ii*) A conveyance is not subject to forfeiture by reason of any act or omission established by the owner of that conveyance to have been committed or omitted without the owner's knowledge or consent.

---

[2] As used in § 7521(1)(d), the term "conveyance" "refers to some type of vehicle which, if used to facilitate any prohibited transaction concerning illicit drugs, is subject to forfeiture." *People v One 1979 Honda Auto*, 139 Mich App 651, 655; 362 NW2d 860 (1984).

(*iii*) A conveyance is not subject to forfeiture for a violation of section 7403(2)(c) or (d), section 7404, or section 7341(4)[3]. [MCL 333.7521 (emphasis added).]

We begin by focusing our analysis on § 7521(1)(d), which the trial court found authorized forfeiture in this case. Pursuant to the plain language of the statute, forfeiture of a vehicle or other conveyance is dependent upon the following: (1) the vehicle is either used or intended for use in transporting or in facilitating the transportation of a controlled substance; and (2) that use is for the purpose of either *sale* or *receipt* of a controlled substance—in this case, marijuana. The statute does not define "purpose," making it proper to consult a dictionary for its common meaning. See *Klooster v Charlevoix*, 488 Mich 289, 304; 795 NW2d 578 (2011). Black's Law Dictionary defines "purpose" as "[a]n objective, goal, or end[.]" *Black's Law Dictionary* (10th ed). Merriam-Webster's Collegiate Dictionary defines "purpose" as "something set up as an object or end to be attained[.]" *Merriam-Webster's Collegiate Dictionary* (2014). Accordingly, in a forfeiture action under § 7521(1)(d), plaintiff must show, by a preponderance of the evidence, that the vehicle was used or intended for use with the specific objective, goal, or end of selling or receiving a controlled substance. See MCL 333.7521(1)(d); *Forfeiture of $25,505*, 220 Mich App at 574 (explaining that the plaintiff bears the burden of proof in a forfeiture proceeding). Thus, § 7521(1)(d) makes clear that more than mere possession of a controlled substance is required before a vehicle is subject to forfeiture.

The idea that more than mere possession is required for forfeiture of a vehicle under § 7521(1)(d) is further illustrated by examining the exceptions to forfeiture found in § 7521(1)(d)(*i*)-(*iv*). The issue raised in this case requires that we focus on the exception found in § 7521(1)(d)(*iii*). That exception provides that a vehicle is not subject to forfeiture for—pertinent to this case—a violation[4] of MCL 333.7403(2)(d) or MCL 333.7404. As referenced in the exception, MCL 333.7403(2)(d) proscribes the knowing or intentional possession of marijuana. MCL 333.7404(1), meanwhile, proscribes the use of, among other controlled substances, marijuana. Consequently, it follows that according to the plain language of § 7521, a claimant's vehicle is not subject to forfeiture for mere possession or use of marijuana. See *People v One 1979 Honda Auto*, 139 Mich App 651, 655; 362 NW2d 860 (1984) ("Were the instant case involved solely with the possession of marijuana, the automobile in question here would clearly not be subject to forfeiture.").

C. CLAIMANT'S VEHICLE IS NOT SUBJECT TO FORFEITURE

We agree with claimant that forfeiture was not appropriate, based on the plain language of § 7521. Linda testified, and the trial court found credible, that she merely possessed and used

---

[3] MCL 333.7341(4) pertains to the use or possession of an imitation controlled substance and is not at issue in this case.

[4] The application of § 7521 is not dependent upon a criminal prosecution, see *In re Forfeiture of $53*, 178 Mich App 480, 496; 444 NW2d 182 (1989). Neither is the exception to the statute, as it applies to a "violation" of § 7403(2)(c), (d), or § 7404, rather than a "conviction" under those respective sections.

a small amount of marijuana in the vehicle after receiving the drug as a tip for delivering a pizza. The trial court also found credible that Linda intended to drive to the house where she received the drug because she had to deliver a pizza; she did not intend to go there in order to obtain marijuana.[5] Despite Linda's testimony that she sometimes received marijuana as a tip from various customers, there was no evidence that she expected to receive it on this particular occasion, that this particular customer had given her marijuana before, or that she was motivated to go to the customer's house by anything other than a delivery call. The evidence shows that, at least in her mind, the marijuana was an unexpected bonus. In other words, the record lacks evidence that Linda used the vehicle for the purpose of receiving or selling marijuana; such evidence is required for forfeiture under the statute. See MCL 333.7521(1)(d) (in order to be subject to forfeiture, the claimant must use or intend to use the vehicle "for the purpose of sale or receipt of" a controlled substance). Linda's actions in this case constitute a mere violation of MCL 333.7403(2)(d) (possession) and MCL 333.7404(1) (use).[6] The plain language of § 7521(1)(d)(*iii*) states that a vehicle "is *not* subject to forfeiture for" such violations. Consequently, plaintiff failed to meet its burden of showing, by a preponderance of the evidence, that Linda used the vehicle for the purpose of receiving marijuana, and, further, the trial court clearly erred in granting a judgment of forfeiture. See MCL 333.7521(1)(d); *Forfeiture of $180,975*, 478 Mich at 450; *Forfeiture of $25,505*, 220 Mich App at 574.

In disagreeing that this case is more than a "mere possession" case, plaintiff contends, and the trial court agreed, that forfeiture was proper because Linda used the vehicle to *receive* the marijuana. Plaintiff—along with the trial court—takes the position that merely receiving marijuana after using a vehicle amounts to using a vehicle for the purpose of receiving the drug. This construction is not supported by the plain language of § 7521. According to plaintiff and the trial court's perspective, the fact that "the car was used to receive marijuana" because marijuana was placed into it established—on its own—that Linda used the vehicle for the *purpose* of receiving marijuana. By that logic, a vehicle would be subject to forfeiture in all cases of mere possession, because the drug's presence would automatically impute "purpose . . . of receipt" to the vehicle's occupant. This construction would effectively strip all meaning from § 7521(1)(d)(*iii*), which is an unacceptable result under our canons of statutory construction. See *Gardner*, ___ Mich at ___; slip op at 5-6.

In addition, reading the conditions for forfeiture under § 7521(1)(d) in context with the exception found in § 7521(1)(d)(*iii*) highlights the shortcoming of the trial court's interpretation. Section 7521(1)(d) provides for the forfeiture of a vehicle that is "used or intended for use, to transport, or in any manner to facilitate the transportation, *for the purpose of sale or receipt* of" a controlled substance. MCL 333.7521(1)(d) (emphasis added). As noted, in a forfeiture action under § 7521(1)(d), plaintiff must show, by a preponderance of the evidence, that the vehicle was

---

[5] To the extent Fruit's testimony contradicted Linda's testimony, we note that the trial court found Linda to be credible, and we defer to that credibility determination. *Forfeiture of $19,250*, 209 Mich App at 29.

[6] As noted above, the exception applies to "violations" of those sections, not necessarily criminal convictions.

used or intended for use with the specific objective, goal, or end of selling or receiving a controlled substance. See MCL 333.7521(1)(d). At the same time, the Legislature expressly stated in § 7521(1)(d)(*iii*) that forfeiture is not appropriate for mere possession or use of a controlled substance. When these two provisions are read in context, it is apparent that the Legislature intended to premise forfeiture on more than mere possession or use of a controlled substance. Instead, as plainly expressed in § 7521, forfeiture must be premised on the use or intended use of the vehicle *for the purpose* of sale or receipt of a controlled substance. Merely possessing or using a controlled substance in a vehicle is not, by itself, sufficient to warrant forfeiture under the statute.[7]

## D. *1999 FORD CONTOUR*

In concluding that claimant's vehicle was subject to forfeiture, the trial court relied heavily on this Court's decision in *In re Forfeiture of 1999 Ford Contour*, unpublished opinion per curiam of the Court of Appeals, issued February 2, 2012 (Docket No. 300482), remanded in part on other grounds 491 Mich 937 (2012).[8] In that case, the claimant's wife drove the vehicle to an address where a police officer was working undercover. *Id.* at 2. She attempted to purchase two bags of marijuana from the officer, who told her to return in 15 minutes. *Id.* When the claimant's wife left, police officers conducted a traffic stop and seized the vehicle. *Id.* The complaint alleged that the vehicle was subject to forfeiture under § 7521(1)(d) because it was used in an attempt to purchase marijuana. *Id.* The trial court granted summary disposition to the claimant, finding that, to the extent § 7521(1)(d) applied, the exception in § 7521(1)(d)(*iii*) regarding the possession of marijuana also applied and precluded forfeiture. *Id.*

In deciding whether the trial court erred by granting summary disposition, this Court explained that when a vehicle is used to transport a customer to and from the home of a drug dealer, the vehicle is subject to forfeiture. *Id.* at 3, citing *In re Forfeiture of One 1987 Chevrolet Blazer*, 183 Mich App 182, 185; 454 NW2d 201 (1990). Unless the exception in § 7521(1)(d)(*iii*) applied, the panel reasoned that the vehicle in that case was subject to forfeiture. After examining § 7521(1)(d)(*iii*), the panel found the exception was inapplicable. The panel explained that "the plain reading of the exception found in MCL 333.7521(1)(d)(*iii*) reveals that it prohibits the forfeiture only when the vehicle merely contains a controlled substance, without additional evidence that the vehicle was also *used to facilitate* a marijuana transaction." *Id.* "Thus," explained the panel, "if a vehicle contains marijuana, and there is no evidence that it was used or intended to be used to facilitate the transportation for the sale or

---

[7] This construction of § 7521 is reinforced by the idea that a forfeiture proceeding is brought against the property, not the individual. See *In re Forfeiture of $53*, 178 Mich App 480, 496; 444 NW2d 182 (1989). By ensuring that the vehicle was used for the purpose of selling or receiving the controlled substance, and not for merely possessing the substance, § 7521 connects the controlled substance to the vehicle.

[8] Although *1999 Ford Contour* is not binding because it is an unpublished opinion, we can look to the case as persuasive authority. MCR 7.215(C)(1); *Paris Meadows, LLC v Kentwood*, 287 Mich App 136, 145 n 3; 783 NW2d 133 (2010).

receipt of marijuana, the exception would apply because the only connection between the vehicle and the drug is its location." *Id.* The *1999 Ford Contour* court drew a distinction between "mere possession" of a controlled substance and possession "plus something more"—that is, possession *plus* the use of a vehicle to facilitate the sale or receipt of a controlled substance. *Id.* at 3-4. In that case, the panel found the exception did not apply because the evidence showed that the claimant *intended* to use the vehicle *for the purpose* of receiving marijuana. *Id.* at 4 ("Hence, where the plaintiff provides evidence that demonstrates—as the evidence here does—that a claimant used a vehicle with the intent to facilitate a drug transaction, the vehicle is properly subject to forfeiture pursuant to MCL 333.7521(1)(d) because the plaintiff has proven that in addition to mere possession, the use of a vehicle to buy or sell marijuana, has occurred.").

Although we are not bound by *1999 Ford Contour*, we agree that it accurately portrays forfeiture under § 7521. However, contrary to plaintiff's contentions and the trial court's analysis, we find that the facts in the instant case are materially distinguishable from *1999 Ford Contour*, thereby mandating a different outcome in this case. Based on the evidence presented, we do not perceive this case as one involving possession plus "something more." As noted, the trial court found credible Linda's testimony that she drove to the home where she obtained marijuana not intending to receive the drug, but instead intending to deliver a pizza that the customer ordered. Again, the marijuana was, at least from Linda's perspective, an unexpected bonus. That it was *unexpected* is what distinguishes the instant case from *1999 Ford Contour*, where the claimant's wife drove the vehicle to the home *for the purpose* of receiving drugs at the home. For that reason, the claimant's vehicle in *1999 Ford Contour* came within the ambit of § 7521. Here, by contrast, Linda's unexpected receipt of the marijuana leaves plaintiff unable to prove that she used the vehicle to facilitate the receipt of the drug, and leads us to conclude that Linda merely possessed the drug inside the vehicle, which did not subject the vehicle to forfeiture under § 7521.

## III. CONCLUSION

Because we find that the trial court erred by concluding that claimant's vehicle was subject to forfeiture, we reverse the order of forfeiture and remand for entry of an order denying the complaint. Additionally, because we reverse the trial court's judgment of forfeiture, we need not address claimant's alternative argument with regard to the innocent-owner defense.

Reversed and remanded. We do not retain jurisdiction.


/s/ Michael F. Gadola
/s/ Jane M. Beckering

-7-