PER CURIAM.
At issue in this case is when interest begins to accrue, pursuant to MCL 600.6013(8), on costs and attorney fees imposed for rejecting a mediation evaluation, MCR 2.403(O)(l), (6).[1] The clear language of this statute indicates that it accrues from the date of the filing of the complaint. The Court of Appeals, in reversing the order of the trial court, incorrectly concluded that accrual did not begin on that date. This was error, and accordingly, pursuant to MCR 7.302(G)(1), we reverse the judgment of the Court of Appeals[2] and reinstate the order of the circuit court.
*715 i
In October 1993 plaintiffs filed a complaint against defendants for damages arising from aspects of the parties’ commercial relationships. Mediation was conducted in 1995. The case then proceeded to trial, and plaintiffs eventually were awarded a substantial verdict in a final judgment dated June 21, 2002. This judgment included prejudgment interest and “costs and attorney fees to be assessed, if any.” In an order dated June 24, 2002, the circuit court granted plaintiffs’ motion for assessment of costs and mediation sanctions, MCR 2.403(0), and determined the specific amounts applicable to the various defendants.[3] An issue then arose concerning interest on these amounts. In an order dated November 14, 2002, the trial court ordered that interest on the costs and mediation sanctions awarded in its June 24 order was to be calculated from the date the complaint was filed.
The Court of Appeals reversed that order and remanded the matter for a redetermination of the amount of interest. It recognized that judgment interest is allowed on an award of mediation sanctions,[4] but determined that interest should be calculated from the date of the judgment awarding mediation sanctions, June 24, 2002. The Court of Appeals reasoned that, before that date, no mediation award existed upon which interest could be calculated.
ii
Questions of statutory interpretation are reviewed de novo. Burton v Reed City Hosp Corp, 471 Mich 745, 751; *716 691 NW2d 424 (2005); Morales v Auto-Owners Ins Co (After Remand), 469 Mich 487, 490; 672 NW2d 849 (2003). Clear and unambiguous statutory language is given its plain meaning, and is enforced as written. Roberts v Mecosta Co Gen Hosp, 466 Mich 57, 63; 642 NW2d 663 (2002).
Ill
At issue here is MCL 600.6013(8), which provides, in pertinent part:
[F]or complaints filed on or after January 1, 1987, interest on a money judgment recovered in a civil action is calculated at 6-month intervals from the date of filing the complaint at a rate of interest equal to 1% plus the average interest rate paid at auctions of 5-year United States treasury notes during the 6 months immediately preceding July 1 and January 1, as certified by the state treasurer, and compounded annually, according to this section. Interest under this subsection is calculated on the entire amount of the money judgment, including attorney fees and other costs. The amount of interest attributable to that part of the money judgment from which attorney fees are paid is retained by the plaintiff, and not paid to the plaintiffs attorney. [Emphasis added.][5]
The statute plainly states that interest on a money judgment is calculated from the date of filing the complaint. We find this language to be clear and unambiguous, as we did in Morales, supra. In Morales, we concluded that the statute makes no exception for periods of prejudgment appellate delay, and that interest on a judgment following such a delay is calculated, without interruption, from the date the complaint is *717 filed. Similarly, the statute makes no exception for attorney fees and costs ordered as mediation sanctions under MCR 2.403(0).
The Court of Appeals was correct in applying the judgment interest statute to mediation sanctions. Defendant Kroger does not dispute this point, and the statute expressly applies to “attorney fees and other costs.”
The Court of Appeals was mistaken, however, in considering mediation sanctions to be in the nature of an additional claim for damages thát did not arise until long after the complaint was filed. The mediation process is an integral part of the proceeding commenced when plaintiffs filed their complaint. The realization of mediation sanctions is tied directly to the amount of the verdict rendered with regard to that complaint. MCR 2.403(O)(l). Indeed, the award of prejudgment interest on mediation sanctions is part of the final judgment against defendants. At all times during which interest was assessed, plaintiffs’ claim against defendants was in dispute. Therefore, the Court of Appeals was incorrect to suggest that Rittenhouse v Erhart, 424 Mich 166, 217-218; 380 NW2d 440 (1985) (RILEY, J.), dictated a different result in this case.[6]
IV
We conclude that, under MCL 600.6013(8), judgment interest is applied to attorney fees and costs ordered as *718 mediation sanctions under MCR 2.403(0) from the filing of the complaint against the liable defendant. This results from a plain reading of the statute. The statute provides no special treatment for judgment interest on mediation sanctions. Therefore, we reverse the judgment of the Court of Appeals, reinstate the order of the circuit court, and remand to the circuit court for further proceedings consistent with this opinion.
We acknowledge that there are meaningful policy reasons for a statute that would provide for interest on mediation sanctions from a date later than when the complaint is filed. Costs imposed under MCR 2.403(0) are in the nature of sanctions, and a successful plaintiff will otherwise receive interest on the judgment itself, in addition to costs and attorney fees that can be ordered under MCR 2.403(0). We invite our Legislature to reconsider whether interest should be imposed on mediation sanctions from the date a complaint is filed. As this case shows, the amount of mediation sanctions might not be determined until several years after the filing date. It would not be unreasonable to amend the statute to provide a result similar to that reached by the Court of Appeals. However, that result does not follow from the statute as it is currently written.
Taylor, C.J., and Weaver Corrigan, Young, and MARKMAN, JJ., concurred.

 By an amendment in 2000, the rule was amended to refer to “case evaluation” rather than “mediation.” The mediation in this case occurred in 1995. Consequently, we will refer to “mediation” in this opinion.

 Ayar v Foodland, Distributors, 263 Mich App 105; 687 NW2d 365 (2004).

 Defendant-appellant Kroger Company was ordered to pay $381,752.

 Defendant Kroger’s argument pertains to the date interest commences, not to whether interest can be awarded on mediation sanctions.

5 This is the wording of the statute as amended by 2002 PA 77, effective March 21, 2002, that applies to the June 24, 2002, judgment in this case.

 In Rittenhouse, we held that prejudgment interest owed by a party accrued from the date of the complaint adding that party. The case at bar does not involve an added party, but, consistent with Rittenhouse, the circuit court ordered interest from the filing of the complaint against the defendant liable for the judgment.
Because this case does not involve an added party, Justice Cavanagh’s continuing disagreement with the Rittenhouse decision is irrelevant to the disposition of this case.