# STATE OF MICHIGAN

# COURT OF APPEALS

RONALD W. LECH II,

Plaintiff/Counter-Defendant-
Appellee/Cross-Appellant,

v

HUNTMORE ESTATES CONDOMINIUM
ASSOCIATION,

Defendant/Counter-Plaintiff,

and

JACOBSON ORE CREEK LAND
DEVELOPMENT, L.L.C., and SCOTT R.
JACOBSON, d/b/a S.R. JACOBSON LAND
DEVELOPMENT, L.L.C.,

Defendants-Appellants/Cross-
Appellees.

FOR PUBLICATION
April 16, 2015
9:00 a.m.

No. 320028
Livingston Circuit Court
LC No. 08-024045-CH

Before: O'CONNELL, P.J., and FORT HOOD and GADOLA, JJ.

O'CONNELL, P.J.

Defendants, Jacobson Ore Creek Land Development, L.L.C. and Scott R. Jacobson (collectively "the developers"), appeal as of right the trial court's order granting the developers' costs and attorney fees. Plaintiff, Ronald W. Lech II, cross-appeals as of right the same order. We affirm the trial court's decision to exclude appellate attorney fees and costs from its offer of judgment sanctions under MCR 2.405 because such costs are not incurred as a result of a party's decision to reject an offer of judgment, but we reverse the trial court's decision to award the developers judgment interest under MCL 600.6013.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

In December 2008, Lech filed a complaint against the developers and Huntmore Estates Condominium Association in which he alleged claims of slander of title, violation of the Michigan condominium act, and tortious interference with a business relationship. On June 10,

-1-

2009, the developers filed an offer of judgment for $5000. Lech effectively rejected the offer by failing to respond to it within 21 days.

The trial court later granted summary disposition to the developers and awarded them attorney fees under MCR 2.405 because of Lech's refusal of the offer of judgment. After Lech appealed, a panel of this Court reversed the trial court's grant of summary disposition on some of Lech's claims. *Lech v Huntmore Estates Condo Ass'n*, unpublished opinion per curiam of the Court of Appeals, issued October 6, 2011 (Docket Nos. 296489 and 297196). The developers appealed to the Michigan Supreme Court, which reversed this Court's decision, reinstated the trial court's grant of summary disposition, and remanded for this Court to consider Lech's sanctions issue. *Lech v Huntmore Estates Condo Ass'n*, 491 Mich 937; 815 NW2d 127, modified on reconsideration by 493 Mich 921 (2012). On remand, this Court determined that the trial court calculated the offer of judgment sanctions from an incorrect date and remanded to the trial court for a new calculation. *Lech v Huntmore Estates Condo Ass'n (On Remand)*, unpublished opinion per curiam of the Court of Appeals, issued August 6, 2013 (Docket No. 297196).

On remand, the parties stipulated to reduce the trial court's sanctions award to $36,337.90, but disputed whether the developers were entitled to judgment interest or attorney fees that the developers incurred as a result of the appeals. The trial court relied on *Haliw v Sterling Hts*, 471 Mich 700; 691 NW2d 753 (2005), in which the Michigan Supreme Court held that actual costs for case evaluation sanctions under MCR 2.403 do not include appellate attorney fees, and determined that the developers were not entitled to appellate attorney fees under MCR 2.405. But the trial court determined that the developers were entitled to statutory judgment interest under MCL 600.6013, and it awarded the developers $5,230.16 in interest.

## II. STANDARDS OF REVIEW

This Court reviews de novo the interpretation and application of statutes. *McCormick v Carrier*, 487 Mich 180, 188; 795 NW2d 517 (2010). We also review de novo the interpretation and application of our court rules. *In re McCarrick/Lamoreaux Minors*, ___ Mich App ___, ___; ___ NW2d ___ (2014) (slip op at 5). We use the same rules of interpretation to interpret statutes and court rules. *Id*. We give the words of rules and statutes their plain and ordinary meanings. *Id*. (slip op at 6); *McCormick*, 487 Mich at 191. We construe legal terms according to their legal meanings. *Feyz v Mercy Mem Hosp*, 475 Mich 663, 673; 719 NW2d 1 (2006). We determine the intent of the court rule "from an examination of the court rule itself and its place within the structure of the Michigan Court Rules as a whole." *Haliw*, 471 Mich at 706.

## III. APPELLATE COSTS

The developers contend that the trial court erred when it determined that MCR 2.405 sanctions do not include appellate costs and fees because the opposing party makes such costs and fees necessary when the party rejects an offer of judgment. Lech contends that actual costs for the purposes of MCR 2.405 do not include appellate attorney fees. We agree with Lech.

When a party rejects an offer of judgment, "[i]f the adjusted verdict is more favorable to the offeror than the average offer, the offeree must pay to the offeror the offeror's actual costs

incurred in the prosecution or defense of the action." MCR 2.405(D)(1). Verdicts include judgments following jury trials, nonjury trials, or resulting from a motion after rejection of the offer of judgment. MCR 2.405(A)(4). "Actual costs" are "the costs and fees taxable in a civil action and a reasonable attorney fee for services necessitated by the failure to stipulate to the entry of judgment." MCR 2.405(A)(6).

In *Haliw*, the Michigan Supreme Court considered whether appellate costs were "actual costs" for the purposes of MCR 2.403. *Haliw*, 471 Mich at 704. The court rule provides that actual costs included " 'a reasonable attorney fee . . . for services necessitated by the rejection of the mediation evaluation.' " *Id*. at 705, quoting MCR 2.403(O)(6). The Michigan Supreme Court concluded that a party could not recover appellate fees and costs as case evaluation sanctions. *Id*. at 706.

The Michigan Supreme Court gave several reasons for its decision. First, the second chapter of the Michigan Court Rule addresses trial court procedure, while the seventh chapter addresses appellate procedure, including appellate fees and costs. *Id*. at 706. Second, MCR 2.403(O) is "trial-oriented" because its definition of verdict did not refer to the appellate process. *Id*. at 708. Third, the Michigan Supreme Court noted that a party must request sanctions within 28 days of the verdict, well before a party has incurred the majority of its appellate fees and costs. *Id*. at 711 n 8. Finally, the Michigan Supreme Court also noted that the phrase "necessitated by" requires "a casual nexus between rejection and incurred expenses," and a decision to bring an appeal does not have the necessary causal nexus. *Id*.

We discern no basis to differ from the Michigan Supreme Court's analysis of "actual costs" under MCR 2.403 when interpreting actual costs under MCR 2.405. As a rule, in the second chapter of the Michigan Court Rules, MCR 2.405 also concerns trial court procedure. Like MCR 2.403, nothing in MCR 2.405's definition of verdict mentions the appellate process. Also like MCR 2.403, under MCR 2.405, a party must request fees and costs within 28 days of entry of the judgment. MCR 2.405(D)(6). And a party's decision to bring an appeal after rejecting an offer of judgment has a similar causal nexus to a party's decision to bring an appeal after rejecting case evaluation sanctions.

Any minor differences between the definitions of "actual costs" in MCR 2.403 and MCR 2.405 do not warrant engaging in a different analysis and certainly do not compel a different result. The difference between the definitions in these two court rules are solely differences of formatting. We conclude that the trial court did not err when it determined that a party may not recover appellate fees and costs as "actual costs" under MCR 2.405.

IV. INTEREST

Lech contends that the trial court erred by applying the judgment-interest statute to the sanctions award in this case because a sanction award is not a money judgment in a civil case. We agree.

The developers requested judgment interest under MCL 600.6013. MCL 600.6013(1) provides that "[i]nterest is allowed on a money judgment recovered in a civil action, as provided in this section." A money judgment in a civil action is a judgment "that orders the payment of a

-3-

sum of money, as distinguished from an order directing an act to be done or property to be restored or transferred." *In re Forfeiture of $176,598*, 465 Mich 382, 386; 633 NW2d 367 (2001). There are several types of civil awards that are not a "money judgment in a civil action," including money awards in drug forfeiture, divorce judgments, awards of back pay for wrongful discharge, and awards reflecting payment of a forced share in an estate. *Id*. at 388.

We conclude that a sanctions award is properly characterized as an order directing that an act be done instead of a money judgment in a civil action. Sanctions awards to collect attorney fees and costs are post-judgment proceedings. See *Fraser Trebilcock Davis & Dunlap PC v Boyce Trust 2350*, 304 Mich App 174, 219; 850 NW2d 537 (2014). A party files and serves its request for costs *after* entry of the judgment. MCR 2.405(D)(6). Such proceedings, by their very nature, come after any money judgment that might be entered. Accordingly, a sanctions award is not a money judgment in a civil action. Rather, it is an order of the court directing a party to do an act—specifically, to pay the other party's attorney fees and costs.[1]

In this case, the trial court applied MCL 600.6013 to award the developers $5,230.16 in interest. Because this case concerned a post-judgment proceeding to collect sanctions, we conclude that its decision was improper. We therefore reverse the trial court's interest award.

We affirm in part and reverse in part. No costs, neither party having prevailed in full. MCR 7.219.

/s/ Peter D. O'Connell
/s/ Karen M. Fort Hood
/s/ Michael F. Gadola

---

[1] This Court has also concluded in unpublished opinions that MCL 600.6013 does not apply in cases of motions for sanctions. See *Nartron Corp v Gen Motors Corp*, unpublished opinion per curiam of the Court of Appeals, issued January 6, 2005 (Docket No. 245942) (discovery sanctions); *Juarez v Holbrook*, unpublished opinion per curiam of the Court of Appeals, issued July 1, 2008 (Docket Nos. 275040 & 276312) (case evaluation sanctions); *Wrobbel v Hydaker-Wheatlake Co*, unpublished opinion per curiam of the Court of Appeals, issued January 28, 2014 (Docket Nos. 30553 & 3127665) (case-evaluation sanctions). While unpublished opinions are not binding on this Court, we may consider them for their persuasive value. *Paris Meadows LLC v Kentwood*, 287 Mich App 136, 145 n 3; 783 NW2d 133 (2010). We find it persuasive that this Court has repeatedly reached the same conclusion regarding other types of sanctions in unpublished opinions.