*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TZVIH TINMAN, by his next friends ILENE
TINMAN and MICHAEL TINMAN,

UNPUBLISHED
February 28, 2019

Plaintiff-Appellant,

v

No. 338815
Wayne Circuit Court
LC No. 99-932051-CK

BLUE CROSS AND BLUE SHIELD OF
MICHIGAN,

Defendant-Appellee.

Before: TUKEL, P.J., and SHAPIRO and GADOLA, JJ.

PER CURIAM.

Plaintiff appeals as of right the June 9, 2017 opinion and order on reconsideration granting attorney fees and costs of $446,182.50 to plaintiff but stating that this amount is "inclusive of" statutory prejudgment interest in this nearly twenty-year-old case involving protracted litigation over attorney fees. We reverse and remand for entry of an amended judgment.

## I. BACKGROUND

This case was filed in 1999 and has been the subject of four previous appeals. See *Tinman v Blue Cross & Blue Shield of Mich*, 264 Mich App 546; 692 NW2d 58 (2004) (*Tinman I*); *Tinman v Blue Cross & Blue Shield of Mich*, unpublished per curiam opinion of the Court of Appeals, issued February 14, 2008 (Docket No. 268448) (*Tinman II*); *Tinman v Blue Cross & Blue Shield of Mich*, unpublished per curiam opinion of the Court of Appeals, issued September 6, 2012 (Docket No. 298036) (*Tinman III*); and *Tinman v Blue Cross & Blue Shield of Mich*, unpublished per curiam opinion of the Court of Appeals, issued September 24, 2015 (Docket No. 322601) (*Tinman IV*). Resolution of the issues raised in the present appeal does not require a detailed summary of the underlying facts and procedural history. In *Tinman IV*, unpub op at 19, this Court concluded that the trial court's calculation of plaintiff's attorney fees on remand from *Tinman III* had failed to comply with the mandates of this Court's *Tinman III* opinion. The

*Tinman IV* Court thus reversed in part and remanded the case to the trial court for more detailed findings in calculating plaintiff's attorney fees. *Id*. at 24.

On March 31, 2017, the trial court on remand from *Tinman IV* issued an opinion awarding plaintiff $453,530 in attorney fees and $2,440 in costs. On Friday April 21, 2017, the deadline for filing a motion for reconsideration, defendant attempted to file a motion for reconsideration. After a technical malfunction initially prevented defendant from filing the motion, defendant eventually was able to electronically submit the motion. However, in the electronic system, defendant inadvertently selected the "fee waiver" option instead of the normal filing fee option. On Monday April 24, 2017, the clerk's office rejected the filing because of the wrong filing code. Later that day, defendant filed the motion for reconsideration with the proper code. In the motion, defendant identified a mathematical or clerical error in the trial court's calculation, which would reduce the total fee award by approximately $10,000 to $443,742.50. Defendant also stated that the opinion and order did not address interest and argued that the trial court's attorney fee and cost award should be deemed "inclusive of interest."

On April 25, 2017, defendant filed a motion for relief from the purported technical malfunction in the Wayne Circuit Court's e-filing system that had allegedly caused defendant's motion for reconsideration to be filed untimely. On May 5, 2017, plaintiff filed a motion to strike as untimely defendant's motion for reconsideration because it was filed 24 days after the entry of the March 31, 2017 opinion and order and MCR 2.119(F)(1) requires that a motion for reconsideration be filed and served within 21 days of the entry of the order.

The trial court denied plaintiff's motion to strike defendant's motion for reconsideration; the trial court reasoned that a computer error of the Wayne Circuit Court's e-filing system had prevented defendant from receiving a message that defendant had used the wrong code when attempting to e-file the motion for reconsideration on April 21, 2017. On June 9, 2017, the trial court issued what effectively amounted to an opinion and order on reconsideration that was essentially identical to the March 31, 2017 opinion and order with two exceptions. First, the trial court corrected the mathematical or clerical error in the calculation of the attorney fee award to make clear that the attorney fee award was $443,742.50, which along with the $2,440 in costs, brought the total amount of the judgment to $446,182.50. Second, the trial court, while citing *Lech v Huntmore Estates Condo Ass'n (On Remand)*, 315 Mich App 288; 890 NW2d 378 (2016), added the following language to the opinion and order: "Additionally, this Court intends the final judgment award to be inclusive of interest." This appeal ensued.

## II. ANALYSIS

Plaintiff claims that the trial court erred in accepting for filing defendant's motion for reconsideration because the motion was untimely and that there was no evidence of a technical malfunction in the Wayne Circuit Court's e-filing system that prevented defendant from making a timely filing. However, we need not reach this issue because we agree with plaintiff that assuming the motion for reconsideration was timely, reversal nevertheless would be necessary, as the trial court erred when it disallowed prejudgment interest on the March 31, 2017 award.

A trial court's decision on a motion for reconsideration is reviewed for an abuse of discretion. *Woods v SLB Prop Mgt, LLC*, 277 Mich App 622, 629; 750 NW2d 228 (2008). A

-2-

trial court's decision on a motion to strike is likewise reviewed for an abuse of discretion. *Belle Isle Grill Corp v Detroit*, 256 Mich App 463, 469; 666 NW2d 271 (2003). "The trial court abuses its discretion when it chooses an outcome outside the range of reasonable and principled outcomes." *In re Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265 (2008). Further, a trial court necessarily abuses its discretion when it makes an error of law. *Gentris v State Farm Mut Auto Ins Co*, 297 Mich App 354, 364; 824 NW2d 609 (2012). This Court reviews issues of statutory interpretation de novo. *Colista v Thomas*, 241 Mich App 529, 534; 616 NW2d 249 (2000).

MCL 600.6013(1) states, in relevant part, "Interest is allowed on a money judgment recovered in a civil action, as provided in this section." MCL 600.6013(8) provides:

> Except as otherwise provided in subsections (5) and (7) and subject to subsection (13), for complaints filed on or after January 1, 1987, interest on a money judgment recovered in a civil action is calculated at 6-month intervals from the date of filing the complaint at a rate of interest equal to 1% plus the average interest rate paid at auctions of 5-year United States treasury notes during the 6 months immediately preceding July 1 and January 1, as certified by the state treasurer, and compounded annually, according to this section. Interest under this subsection is calculated on the entire amount of the money judgment, including attorney fees and other costs. In an action for medical malpractice, interest under this subsection on costs or attorney fees awarded under a statute or court rule is not calculated for any period before the entry of the judgment. The amount of interest attributable to that part of the money judgment from which attorney fees are paid is retained by the plaintiff, and not paid to the plaintiff's attorney.

"The purpose of MCL 600.6013 is to compensate the prevailing party for the expenses incurred in bringing an action and for the delay in receiving money damages." *Lech*, 315 Mich App at 291 (quotation marks and citation omitted). "An award of interest is mandatory in all cases to which the statute applies." *Farmers Ins Exchange v Titan Ins Co*, 251 Mich App 454, 460; 651 NW2d 428 (2002) (quotation marks, brackets, and citation omitted). MCL 600.6013(8) "plainly states that interest on a money judgment is calculated from the date of filing the complaint." *Ayar v Foodland Distrib*, 472 Mich 713, 716; 698 NW2d 875 (2005). "[T]he statute makes no exception for periods of prejudgment appellate delay, and . . . interest on a judgment following such a delay is calculated, without interruption, from the date the complaint is filed." *Id*. at 716-717. Further, "the statute expressly applies to 'attorney fees and other costs' " as being part of the money judgment on which interest is calculated. *Id*. at 717. Statutory prejudgment interest is mandatory even if the judgment did not expressly provide for prejudgment interest. See *Dep't of Treasury v Central Wayne Co Sanitation Auth*, 186 Mich App 58, 64; 463 NW2d 120 (1990), citing *Alpine Constr Co v Gilliland*, 50 Mich App 568, 577; 213 NW2d 824 (1973).

Accordingly, an award of prejudgment interest under MCL 600.6013(8) was mandatory in this case. The statute expressly applies to attorney fee and other costs, *Ayar*, 472 Mich at 717, and the judgment in this case is comprised of attorney fees awarded to defendant pursuant to

MCL 550.1402(11),[1] a provision of the Nonprofit Health Care Corporation Reform Act, MCL 550.1101 *et seq*. The award of prejudgment interest was mandatory despite the fact that the March 31, 2017 judgment did not expressly refer to attorney fees. See *Central Wayne Co Sanitation*, 186 Mich App at 64, citing *Alpine Constr Co*, 50 Mich App at 577.

The trial court, in granting defendant's motion for reconsideration, had cited *Lech* for the proposition that the award of attorney fees was "inclusive" of interest. But *Lech* is inapposite. In *Lech*, 315 Mich App at 293, this Court concluded that certain defendants in that case were not entitled to recover prejudgment interest under MCL 600.6013(8) because they did not file a complaint and did not obtain a money judgment. Instead, the defendants in that case defended against a complaint and obtained summary disposition. *Id*. This Court held that an offer-of-judgment sanctions order was not an order providing for a money judgment. *Id*. This Court reasoned that because the defendants in *Lech* "did not 'incur expenses in bringing an action' and 'suffered no delay in receiving money damages,' an award of prejudgment interest would not serve the purpose of the statute. . . . [B]y its plain language, MCL 600.6013 does not apply in this situation, and *Ayar* does not mandate a different result." *Id*.; see also *Olson v Olson*, 273 Mich App 347, 353; 729 NW2d 908 (2006) (noting that "interest may be denied in proceedings that are not typical civil actions preceding an award of a money judgment."). In contrast to *Lech*, plaintiff here filed a complaint and obtained a money judgment that included attorney fees. Therefore, by its plain language, MCL 600.6013(8) applies, and an award of prejudgment interest is mandated.

Defendant suggests that the trial court meant to reduce the "inflated" hourly rates by more than 50% so that the $443,742.50 attorney fee award could be deemed to include interest. But there is no support for this contention in the trial court's calculation of attorney fees. On the contrary, the trial court's March 31, 2017 and June 9, 2017 opinions make clear that the trial court was calculating the attorney fees in accordance with this Court's directions in *Tinman IV* by following the framework mandated by *Smith v Khouri*, 481 Mich 519, 530-533; 751 NW2d 472 (2008), and *Augustine v Allstate Ins Co*, 292 Mich App 408; 807 NW2d 77 (2011). There is no indication that the trial court departed from the required method of calculating attorney fees by using "inflated" figures that included prejudgment interest. If the trial court had done so, this would have amounted to a violation of this Court's directions in *Tinman IV* regarding how to calculate attorney fees. "It is the duty of the lower court, on remand, to comply strictly with the

---

[1] In particular, MCL 550.1402(11) provides:

> In addition to other remedies provided by law, an aggrieved member may bring an action for actual monetary damages sustained as a result of a violation of this section. If successful on the merits, the member shall be awarded actual monetary damages or $200.00, whichever is greater, together with reasonable attorneys' fees. If the health care corporation shows by a preponderance of the evidence that a violation of this section resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid the error, the amount of recovery shall be limited to actual monetary damages.

mandate of the appellate court." *Schumacher v Dep't of Natural Resources*, 275 Mich App 121, 128; 737 NW2d 782 (2007) (quotation marks, ellipsis, and citation omitted). Therefore, the trial court's statement that its award was "inclusive" of interest was incorrect.

Defendant further contends that res judicata bars plaintiff from raising the issue of prejudgment interest. We disagree. Defendant relies on *Vanderwall v Midkiff*, 186 Mich App 191; 463 NW2d 219 (1990). In *Vanderwall*, 186 Mich App at 201, this Court stated that "the principles of res judicata require that a party bring in the initial appeal all issues which were then present and could have and should have been raised." In *Vanderwall*, in an earlier appeal, the defendants had failed to raise an issue regarding interest awarded by the trial court and also had failed to raise the issue by way of cross-appeal. *Id*. This Court concluded that "by choosing not to raise the interest issue by way of cross[-]appeal in the original appeal, defendants abandoned the issue[.]" *Id*. at 202. Defendant suggests that the trial court here ruled on the issue of prejudgment interest in 2014 by stating that there was no penalty interest available as there is in no-fault cases and that the delay in payment of attorney fees was a consideration in determining the reasonableness of the attorney fees. But this did not constitute a decision by the trial court about whether to award *statutory prejudgment interest*, which serves a compensatory purpose and thus differs from *no-fault penalty interest*. See *Attard v Citizens Ins Co of America*, 237 Mich App 311, 319; 602 NW2d 633 (1999). The absence of language about prejudgment interest in the 2014 judgment did not require plaintiff to raise any issue about prejudgment interest by way of a cross-appeal in *Tinman IV* given that such interest is mandatory even if the judgment did not expressly provide for prejudgment interest. See *Central Wayne Co Sanitation*, 186 Mich App at 64, citing *Alpine Constr Co*, 50 Mich App at 577. Hence, defendant's argument that res judicata bars plaintiff from raising this issue lacks merit.

Defendant further suggests that it should not be held responsible for any periods of delay that are not attributable to defendant. We note that defendant did not raise this argument in its motion for reconsideration of the March 31, 2017 opinion, and there is no indication in the trial court's June 9, 2017 opinion that this was a basis for its decision. Regardless, it appears that most of the delay at issue in this case is appellate delay. Citing *Morales v Auto-Owners Ins Co*, 469 Mich 487; 672 NW2d 849 (2003), our Supreme Court noted in *Ayar*, 472 Mich at 716-717, that "the statute makes no exception for periods of prejudgment appellate delay, and . . . interest on a judgment following such a delay is calculated, without interruption, from the date the complaint is filed." In *Morales*, 469 Mich at 491-492, in which this Court had held that the defendant was not responsible for prejudgment interest during the four years that the case was on appeal, our Supreme Court reversed this Court's ruling concerning the denial of prejudgment interest and stated that MCL 600.6013(8) "makes no exception for periods of prejudgment appellate delay. In the face of the Legislature's clearly expressed intent, this Court will not read such an exception into the statute." Accordingly, defendant's argument is unavailing.

We reverse the trial court's denial of prejudgment interest and remand for entry of an amended judgment that allows for prejudgment interest on the March 31, 2017 award but includes the correction of the mathematical or clerical error in calculating the amount of the

attorney fee award (the correction of which the parties have agreed was proper). We do not retain jurisdiction. Plaintiff, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Jonathan Tukel
/s/ Douglas B. Shapiro
/s/ Michael F. Gadola