*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KENNETH JAMES ELWIN MCGREGOR,

        Plaintiff-Appellant,

UNPUBLISHED
February 16, 2023
APPROVED FOR
PUBLICATION
March 16, 2023
9:20 a.m.

v

BOBBI JO JONES,

        Defendant-Appellee.

No. 361447
Shiawassee Circuit Court
Family Division
LC No. 2019-004358-DS

Before: GLEICHER, C.J., and BOONSTRA and CAMERON, JJ.

BOONSTRA, J.

      Plaintiff appeals by right the trial court's order denying his motions for sole custody of the parties' minor child and for a change of domicile. We reverse and remand for further proceedings.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

      At the time of the trial court proceedings in this matter, plaintiff and defendant were living in Tennessee and shared custody of their minor child, AM, under a previous custody order.[1] In September 2021, plaintiff filed two motions in the trial court, one seeking to change AM's domicile back to Michigan and one to obtain sole physical custody. The matter was referred to the Friend of the Court (FOC). On February 16, 2022, after a referee hearing conducted over three non-consecutive days, the FOC referee recommended the denial of both motions. The parties were then provided with a notice of their right to object to the referee's recommendations and receive a de novo judicial hearing before the trial court. The notice informed the parties that they had 21

---

[1] In the trial court proceedings, counsel for the parties indicated that the parties had moved from Michigan to Tennessee in early 2021. Plaintiff's counsel stated that plaintiff had agreed to the move so that the parties could more easily exercise their parenting time. The parties do not reside together in Tennessee.

days to file objections, that the hearing would be conducted within 21 days after the objections were filed, and that the objecting party would be responsible for obtaining a transcript of the referee hearing and submitting it to the court prior to the de novo hearing. On March 7, 2022, plaintiff's attorney's assistant e-mailed the court recorder, indicating that she wished to order a transcript. The following day, plaintiff filed his objections. The court recorder then informed the assistant that the transcript would be prepared within 28 days after the deposit was paid. Upon receiving the deposit, the court recorder advised that the transcript would be provided by April 25, 2022.

Meanwhile, the de novo hearing was scheduled for April 5, 2022. On March 23, 2022, the parties submitted a proposed stipulated order to adjourn the de novo hearing. On March 30, 2022, and notwithstanding the proposed stipulated order to adjourn the hearing, the trial court, having not yet received the transcript of the FOC referee hearing, issued an opinion sua sponte overruling plaintiff's objections and an order adopting the referee's recommendations. In overruling plaintiff's objections, the trial court held that although plaintiff had timely filed his objections, plaintiff "did not order the transcript within the objection period"[2] and therefore "did not perfect the objection within the period required by the court rule" and instead had "forfeited his objection." Plaintiff moved for reconsideration, attaching an e-mail exchange with the court recorder in which she acknowledged receipt of plaintiff's deposit and stated that the transcripts would be ready by April 25, 2022. The trial court denied the motion. This appeal followed.

## II. STANDARD OF REVIEW

We review de novo issues involving the proper interpretation and application of statutes and court rules. *Safdar v Aziz*, 501 Mich 213, 217; 912 NW2d 511 (2018). This Court's "primary task in construing a statute . . . is to discern and give effect to the intent of the Legislature." *In re AGD*, 327 Mich App 332, 343; 933 NW2d 751 (2019). "The words used by the Legislature in writing a statute provide us with the most reliable evidence of the Legislature's intent." *Drew v Cass Co*, 299 Mich App 495, 499; 830 NW2d 832 (2013). "If the language of a statute is clear and unambiguous, the statute must be enforced as written and no further judicial construction is permitted." *Vermilya v Delta College Bd of Trustees*, 325 Mich App 416, 418-419; 925 NW2d 897 (2018) (quotation marks and citation omitted). When determining the plain meaning, this Court examines "the statute as a whole, reading individual words and phrases in the context of the entire legislative scheme." *Kemp v Farm Bureau Gen Ins Co of Mich*, 500 Mich 245, 252; 901 NW2d 534 (2017). The rules governing statutory interpretation also apply to court rules. *Lech v Huntmore Condo Ass'n*, 315 Mich App 288, 290; 890 NW2d 378 (2016).

## III. ANALYSIS

Plaintiff argues that the trial court erred by holding that plaintiff had forfeited his objection to the referee's recommendations and adopting those recommendations without conducting a de novo hearing. We agree.

---

[2] The record reflects that plaintiff did contact the court recorder (to order the transcript) within the objection period and thereafter paid the deposit for the transcript.

MCR 3.215(E)(4) provides that a party is entitled to a de novo hearing to review a referee's recommendations if the party's objections are filed within 21 days. It is undisputed that plaintiff complied with this requirement; however, the trial court, in its notice of the parties' rights, imposed an additional requirement that the objecting party request a copy of the transcript of the referee hearing from the court recorder and submit the transcript to the court prior to the de novo hearing. There is no such requirement in MCR 3.215.[3] In its order adopting the referee's recommendations, the trial court cited MCR 3.215(F) in support of its authority to impose this requirement. MCR 3.215(F) provides in relevant part:

> (1) The judicial hearing must be held within 21 days after the written objection is filed, unless the time is extended by the court for good cause.

> (2) To the extent allowed by law, the court may conduct the judicial hearing by review of the record of the referee hearing, but the court must allow the parties to present live evidence at the judicial hearing. The court may, in its discretion:

> (a) prohibit a party from presenting evidence on findings of fact to which no objection was filed;

> (b) determine that the referee's finding was conclusive as to a fact to which no objection was filed;

> (c) prohibit a party from introducing new evidence or calling new witnesses unless there is an adequate showing that the evidence was not available at the referee hearing;

> (d) impose any other reasonable restrictions and conditions to conserve the resources of the parties and the court.

The trial court interpreted MCR 3.215(F)(2)(d) as authorizing it to deem a party's right to object to the FOC referee's recommendations and receive a de novo hearing forfeited if the party did not submit a transcript of the referee proceedings prior to that hearing. We reject this broad interpretation.

Not only does no such language appear in the court rule, but MCR 3.215(F)(2) explicitly requires the trial court to permit the parties to present "live evidence" at the de novo hearing; in other words, the trial court is not permitted to decide the issue on the basis of the record alone, without providing the parties some opportunity to supplement that record at the hearing if they wish to do so. Moreover, the structure of MCR 3.215(F)(2)(d) suggests that the "reasonable restrictions and conditions" to which it refers are restrictions and conditions placed on the evidence that may be presented at the de novo hearing to which the party is entitled. MCR 3.215(F)(2)

---

[3] In its opinion overruling plaintiff's objections, the trial court appears to have imposed an even more stringent requirement to "perfect" the objections by ordering (and perhaps receiving) the transcript within the initial 21-day objection period. There similarly is no such requirement in the court rule.

-3-

explicitly governs the *conduct* of judicial hearings, and MCR 3.215(F)(2)(d) allows the trial court to "impose any *other* reasonable restrictions and conditions" (emphasis added), which implies that the restrictions authorized by this subrules would be of the same kind as those found in MCR 3.215(F)(2)(a) through (c). Those subrules permit the trial court to narrow the disputed issues to those for which an objection was filed, and otherwise control the types of evidence to be admitted at the hearing in the interest of judicial economy; none of them suggest that a party could be sanctioned in such a drastic manner for failing to comply with a condition imposed by the trial court. Nothing in the language of the court rule indicates that it authorizes the court to impose additional requirements a party must fulfill before being entitled to a de novo hearing, and we will not read such language into the rule. *Vermilya*, 325 Mich App at 418-419. Having timely filed his objections to the referee's recommendations, plaintiff was entitled to have a judicial hearing before the trial court regarding those objections, and the trial court exceeded its authority by declaring this right forfeited.

We reverse the trial court's order and remand for a de novo hearing. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Elizabeth L. Gleicher
/s/ Thomas C. Cameron