*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

CITY OF DETROIT,

        Plaintiff-Appellee,

v

PENN STATE ENERGY, LLC,

        Defendant,

and

JASON GROSS,

        Defendant-Appellant.

UNPUBLISHED
June 17, 2026
11:43 AM

No. 372878
Wayne Circuit Court
LC No. 21-002718-CH

---

Before: GADOLA, C.J., and RIORDAN and LETICA, JJ.

PER CURIAM.

Defendant, Jason Gross, appeals by delayed leave granted[1] the opinion and order denying his motion to set aside the default judgment entered in favor of plaintiff, City of Detroit. On appeal, defendant contends that the trial court erred in failing to consider whether he had a meritorious defense to warrant setting aside the default judgment and in failing to conduct an evidentiary hearing regarding damages. We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

In February 2021, plaintiff filed suit against defendant and others to recover unpaid property taxes and demolition costs that arose in 2014, 2015, and 2016. Specifically, it was alleged that defendant was the winning bidder of auctioned properties. It was also claimed that the deed

---

[1] *City of Detroit v Jason Gross*, unpublished order of the Court of Appeals, entered March 10, 2025 (Docket No. 372878).

defendant received contained restrictive covenants in the auction contract that required him to keep the taxes current for two years following the date of the deed's conveyance. Additionally, if defendant failed to demolish the property within six months or failed to secure the property for two years in compliance with local ordinances, he was responsible for demolition costs.

A deputy sheriff was tasked with serving defendant. In an affidavit of due diligence, the deputy indicated that he attempted to serve the summons and complaint on defendant on October 23, 2021, at his last known address in Franklin, Michigan. The deputy sheriff observed a man in the home who looked out the window but would not answer the door. A phone number was left at the residence. On October 28, 2021, the deputy returned to attempt service at the residence without an answer. The phone number previously left at the home was no longer visible and the deputy left it a second time. On November 2, 2021, the deputy attempted service for a third time at the home. Although someone was inside, he or she refused to answer. The deputy conferred with neighbors who affirmed that "they" lived there. Consequently, plaintiff moved for alternate service on February 7, 2022, and the order permitting alternate service issued the next day. A copy of the summons and complaint was sent by first-class mail to defendant on February 15, 2022. The deputy also posted the same at defendant's last known address on February 16, 2022. Despite these attempts, defendant did not answer the complaint, and a default entered against him on February 16, 2023.

On March 9, 2023, defendant moved to set aside the default, claiming that service was defective. Specifically, defendant noted that the deputy sheriff indicated that he "posted" the summons and complaint. But the term "posted" could mean a number of things, and it was not expressly stated that the summons and complaint were attached to defendant's residence. Rather, "posted" could mean that the deputy sheriff placed those documents in the mail as opposed to affixing them to the front door. Defendant also alleged that he could demonstrate good cause and a meritorious defense, and therefore, the default should be set aside. Good cause was established by the failure to determine whether the deputy sheriff completed service, resulting in a substantial defect or irregularity. Defendant also alleged that it was "inconceivable" that he would allow a substantial judgment amount to enter by ignoring a court filing. Defendant further claimed that plaintiff filed three other actions against him pertaining to "other properties" purchased at auction, and he responded to those through counsel.

With regard to a meritorious defense, defendant alleged that he was the winning bidder on only 12 of 19 properties. Defendant conveyed other properties, but plaintiff nonetheless sought to hold defendant responsible for the taxes after the conveyance. Further, defendant did not sign a contract with plaintiff, but rather the auction occurred with the Wayne County Treasurer. And plaintiff failed to provide an accounting to demonstrate how it calculated the outstanding taxes, interest, and demolition fees. Therefore, defendant sought to have the default against him set aside.

Plaintiff answered the motion, contending that service was proper. Further, defendant did not deny that he was served at his residential address. And because defendant failed to present a meritorious defense, there were insufficient grounds to set aside the default. The trial court denied defendant's motion to set aside the default.

On March 14, 2024, plaintiff moved for entry of a default judgment against defendant. Specifically, plaintiff calculated its damages for unpaid taxes, fees, costs, demolition, interest, and

taxable costs at $962,101.37. Plaintiff submitted two charts reflecting its damage calculation by address and the calculation of taxable costs.

Defendant opposed the request for entry of the default judgment amount, alleging that he was not the record owner of the properties on the pertinent tax day. Additionally, defendant claimed that he could not breach the contract because he was not in privity with plaintiff. Defendant challenged the calculation of damages and asserted that plaintiff misrepresented the contractual language to hold him accountable for the damages. The trial court denied the motion.

On May 7, 2024, defendant moved to set aside the default and the default judgment, principally raising the arguments made in the motion to set aside the default and in opposition to entry of the default judgment. Plaintiff answered the motion, claiming that defendant's motion merely served as an untimely motion for reconsideration and addressed issues previously rejected by the trial court.

On August 20, 2024, the trial court issued its opinion and order denying defendant's motion:

> The instant motion combines the arguments made in Defendant's Motion to Set Aside Default and Response to Plaintiff's Motion for Default judgment and indeed does effectively act as a motion for reconsideration. In fact, the instant motion's section pertaining to good cause is nearly identical to the language in Defendant's Motion to Set Aside Default. Likewise, the section detailing Defendant's meritorious defenses is largely a combination of the arguments laid out in Defendant's Motion to Set Aside Default and Response to Plaintiff's Motion for Default Judgment. Thus, in entering the default and default judgment, notwithstanding Defendant's Motion and Response, the Court already rejected the arguments Defendant raises in the instant motion. As such, Defendant cannot establish good cause and a meritorious defense based on those arguments, and this Court finds that Defendant received proper notice of this lawsuit, that the default and default judgment against him were properly entered, and that the default and default judgment should not be set aside.

From this decision, defendant appeals.

## II. ANALYSIS

An appellate court reviews a trial court's denial of a request to set aside a default or a default judgment for an abuse of discretion. *Epps v 4 Quarters Restoration, LLC*, 498 Mich 518, 528; 872 NW2d 412 (2015); *Amco Builders & Developers, Inc v Team Ace Joint Venture*, 469 Mich 90, 94; 666 NW2d 623 (2003). An abuse of discretion occurs when the trial court's decision falls outside the range of reasonable and principled outcomes. *Tindle v Legend Health, PLLC*, 346 Mich App 468, 474; 12 NW3d 667 (2023) (citation omitted).

The interpretation and application of the court rules is reviewed de novo. *Krieger v Dep't of Environment, Great Lakes & Energy*, 348 Mich App 156, 170; 17 NW3d 700 (2023). The words of the court rule are given their plain and ordinary meanings. *Lech v Huntmore Estates Condo Ass'n (On Remand)*, 315 Mich App 288, 290; 890 NW2d 378 (2016). The intent of the

court rule is derived from the rule itself and from its place within the structure of the Michigan Court Rules as a whole. *Id*. (quotation marks and citation omitted).

Although a determination of a claim on the merits is favored, Michigan policy generally is against setting aside defaults and default judgments that have properly been entered. *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 229; 600 NW2d 638 (1999). The purpose of default procedures is to maintain current dockets, dispose of cases expeditiously, and prevent dilatory defendants from impeding the plaintiff from establishing the claim. *Bigelow v Walraven*, 392 Mich 566, 576; 221 NW2d 328 (1974). "It is an established principle of Michigan law that a default settles the question of liability as to well-pleaded allegations and precludes the defaulting party from litigating that issue." *Lakeside Retreats, LLC v Camp No Counselors, LLC*, 340 Mich App 79, 89; 985 NW2d 225 (2022) (quotation marks and citation omitted). On the contrary, a default judgment reduces the default to a judgment awarding monetary damages. *Id*. "A defaulted party retains the right to challenge the amount of damages, but the defaulted party may no longer challenge liability." *Id*. "Traditionally, therefore, a party is not entitled to notice in advance of taking a default but is entitled to notice in advance of a default judgment for purposes of challenging the amount of damages." *Id*. at 89-90.

The purpose of notice is generally to give the opposing party the opportunity to be heard. *White v Sadler*, 350 Mich 511, 518; 87 NW2d 192 (1957). There is no right to be heard before entry of a default because the taking of a default is an ex parte proceeding and advance notice would be an idle and impractical thing. *Id*. at 518-519. After the entry of default, however, it is important to provide the defaulting party with notice so that they may have the opportunity to timely take steps to set aside the default. *Id*. at 519. Additionally, the notice of intent to request a default judgment provides the opponent with the opportunity to dispute the damages. *Brooks Williamson & Assocs v Mayflower Constr Co*, 308 Mich App 18, 28l 863 NW2d 333 (2014).

MCR 2.603 addresses entry of default:

(A) Entry of Default; Notice; Effect.

(1) If a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the clerk must enter the default of that party if that fact is:

(a) known to the clerk of the court, or

(b) verified in the manner prescribed by MCR 1.109(D)(3) and filed with the court in a request for default.

(2) Notice that the default has been entered must be sent to all parties who have appeared and to the defaulted party. If the defaulted party has not appeared, the notice to the defaulted party may be served by personal service, by ordinary first-class mail at his or her last known address or the place of service, or as otherwise directed by the court.

The notice must be sent by the party who sought entry of the default. Proof of service and a copy of the notice must be filed with the court.

(3) After the default of a party has been entered, that party may not proceed with the action until the default has been set aside by the court in accordance with subrule (D) or MCR 2.612.

The court rule continues by addressing default judgments, MCR 2.603(B):

(B) Default Judgment.

(1) Notice of Request for Default Judgment.

(a) A party requesting a default judgment must give notice of the request to the defaulted party, if

(i) the party against whom the default judgment is sought has appeared in the action;

(ii) the request for entry of a default judgment seeks relief different in kind from, or greater in amount than, that stated in the pleadings; or

(iii) the pleadings do not state a specific amount demanded.

(b) The notice required by this subrule must be served at least 7 days before entry of the requested default judgment.

(c) If the defaulted party has appeared, the notice may be given in the manner provided by MCR 2.107. If the defaulted party has not appeared, the notice may be served by personal service, by ordinary first-class mail at the defaulted party's last known address or the place of service, or as otherwise directed by the court.

(d) If the default is entered for failure to appear for a scheduled trial, notice under this subrule is not required.

(2) Default Judgment Entered by Clerk. On written request of the plaintiff verified under MCR 1.109(D)(3) as to the amount due, the clerk may sign and enter a default judgment for that amount and costs against the defendant, if

(a) the plaintiff's claim against a defendant is for a sum certain or for a sum that can by computation be made certain;

(b) the default was entered because the defendant failed to appear;

(c) the defaulted defendant is not an infant or incompetent person; and

(d) the damages requested is not greater than the amount stated in the complaint.

(3) Default Judgment Entered by Court. In all other cases, the party entitled to a default judgment must file a motion that asks the court to enter the default judgment.

(a) A default judgment may not be entered against a minor or an incompetent person unless the person is represented in the action by a conservator, guardian ad litem, or other representative.

(b) If, in order for the court to enter a default judgment or to carry it into effect, it is necessary to

(i) take an account,

(ii) determine the amount of damages,

(iii) establish the truth of an allegation by evidence, or

(iv) investigate any other matter, the court may conduct hearings or order references it deems necessary and proper, and shall accord a right of trial by jury to the parties to the extent required by the constitution.

(4) Notice of Entry of Default Judgment. The party who sought entry of the default judgment must promptly serve all parties with the default judgment. The default judgment shall be mailed to the defendant's last known address or the address of the place of service. Proof of service must be filed with the court.

(C) Nonmilitary Affidavit. Nonmilitary affidavits required by law must be filed before judgment is entered in actions in which the defendant has failed to appear.

(D) Setting Aside Default or Default Judgment.

(1) A motion to set aside a default or a default judgment, except when grounded on lack of jurisdiction over the defendant, shall be granted only if good cause is shown and a statement of facts showing a meritorious defense, verified in the manner prescribed by MCR 1.109(D)(3), is filed.

(2) Except as provided in MCR 2.612, if personal service was made on the party against whom the default was taken, the default, and the default judgment if one has been entered, may be set aside only if the motion is filed

(a) before entry of a default judgment, or

(b) if a default judgment has been entered, within 21 days after the default judgment was entered.

(3) In addition, the court may set aside a default and a default judgment in accordance with MCR 2.612.

(4) An order setting aside the default or default judgment must be conditioned on the defaulted party paying the taxable costs incurred by the other party in reliance on the default or default judgment, except as prescribed in MCR 2.625(D). The

order may also impose other conditions the court deems proper, including a reasonable attorney fee.

The trial court's clerk must enter a default against a party who has "failed to plead or otherwise defend" an action if the court's clerk knows that fact or if the opposing party has requested the default. See MCR 2.603(A)(1). Once the court's clerk enters the default, the party who sought entry of the default bears the burden to provide notice of the default:

> Notice that the default has been entered must be sent to all parties who have appeared and to the defaulted party. If the defaulted party has not appeared, the notice to the defaulted party may be served by personal service, by ordinary first-class mail at his or her last known address or the place of service, or as otherwise directed by the court.

> The notice must be sent by the party who sought entry of the default. Proof of service and a copy of the notice must be filed with the court. [MCR 2.603(A)(2).]

In this case, defendant first alleges that the trial court abused its discretion by failing to set aside the default because good cause was established and by failing to consider meritorious defenses, see MCR 2.603(D)(1). We disagree.

The deputy submitted an affidavit of due diligence reflecting that he attempted to serve defendant at his last known address in Franklin on three different occasions, October 23, 2021, October 28, 2021, and November 2, 2021. On two occasions, someone was observed inside the home but did not answer the door. Additionally, on the first occasion, a phone number was left by the deputy. When he returned on the second occasion, the phone number had been removed. The deputy left the phone number again. After being unable to serve defendant a third time, an order for alternate service entered on February 8, 2022. The trial court concluded "that service of the Summons and Complaint, and a copy of this Order shall be made by first class mail to, and by tacking or firmly affixing to the door[.]" Defendant's last known residential address was among the properties for which this service was permitted.

In a return of service, the deputy, being duly sworn and deposed, stated that on February 16, 2022, at 9:10 a.m., he "posted per court order by attaching a true copy of this order for alternate service and summons and complaint along with 1st class mailing with certificate showing the date of service endorsed thereon by me." Defendant contended that plaintiff failed to show whether perfected service on defendant occurred because it was "nebulous" whether the deputy's use of the word "posted" meant that the summons and complaint was placed at defendant's residence or if it was placed in the mail. However, the trial court's order for alternate service required the deputy to tack or affix the pertinent documents to the door. And the deputy's averment expressly stated that he posted the documents in accord with the trial court's order. Defendant's contention that it was unclear whether the deputy had complied with the trial court's order is not supported by the record.

Additionally, defendant proffered his own affidavit. He asserted that he was not served with the lawsuit and did not evade process. He also alleged that he was previously sued by plaintiff in three other cases involving "different properties" and gave those complaints to his attorney.

-7-

And after defendant received the notice of default in this case, he immediately contacted his counsel. Finally, defendant alleged that "most" of the properties at issue were purchased for another buyer and immediately transferred such that defendant did not have responsibility for the taxes or demolition fees.

Affidavits must be premised "on the basis of personal knowledge and must set forth with particularity such facts as would be admissible as evidence to establish or deny" grounds raised in a motion. See *SSC Assocs Ltd Partnership v General Retirement Sys*, 192 Mich App 360, 364; 480 NW2d 275 (1991). Mere conclusory allegations in an affidavit which are devoid of detail will not suffice, and a meritorious defense must be supported by an affidavit of admissible facts stated with particularity. *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 315 (1996); *Tindle*, 346 Mich App at 481; *Shawl v Spence Bros, Inc*, 280 Mich App 213, 232; 760 NW2d 674 (2008). Defendant's affidavit failed to delineate his residential address, whether he resided at the last known address when the deputy attempted service on three occasions, and whether he received the summons and complaint through the first-class mailing to his residential address in Franklin. Additionally, although defendant disputed his ownership of "most" of the properties and thereby challenged responsibility for the taxes and demolition costs, he did not identify in the affidavit the specific properties that were transferred, to whom the properties were transferred, and documentation showing his lack of ownership interest. Because defendant's affidavit failed to delineate admissible facts with particularity, the trial court did not abuse its discretion by denying defendant's motion to set aside the default and default judgment.

Defendant also protests, as erroneous, the trial court's failure to conduct an evidentiary hearing. We disagree.

A default merely admits liability and does not constitute an admission regarding the proper amount of damages. *Jackson v Bulk AG Innovations, LLC*, 342 Mich App 19, 23; 993 NW2d 11 (2022). The plaintiff has the burden of proving the damage claim by a preponderance of the evidence. *Id*. The trial court may choose to render the default judgment amount by considering the evidence submitted. *Id*. at 23-24. An award of damages is reviewed under the clearly erroneous standard. *Id*. at 24.

A review of the lower court record reveals that plaintiff submitted an itemized chart identifying each property, the outstanding taxes, the impact of subsequent auctions proceeds, and demolition offsets. Defendant's response to the default judgment amount primarily addressed whether defendant was the responsible party. He continued to dispute an ownership interest at the pertinent time-period and whether plaintiff was in privity with defendant. Under the circumstances, we cannot conclude that the trial court clearly erred in its damage award.

Affirmed.

/s/ Michael F. Gadola
/s/ Michael J. Riordan
/s/ Anica Letica