*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CITY OF BAD AXE, CITY OF BAD AXE
DEPARTMENT OF PUBLIC WORKS, and
CITY OF BAD AXE WASTE WATER
TREATMENT FACILITY,

UNPUBLISHED
July 21, 2022

Plaintiffs-Appellees,

v

No. 357206
Huron Circuit Court
LC No. 16-105392-CK

PAMAR ENTERPRISES, INC. and SECURA
SUPREME INSURANCE COMPANY,

Defendants-Appellants.

Before: SHAPIRO, P.J., and RICK and GARRETT, JJ.

PER CURIAM.

Defendants appeal as of right the trial court's order granting plaintiffs' motion to enter an amended judgment in the amount of $164,965.62, including interest under MCL 600.6013(8). We reverse the trial court's order and remand for proper calculation of interest.

## I. BACKGROUND

This case arises from an indemnification and duty to defend action against defendants. Following lengthy litigation, the trial court ruled in favor of plaintiffs and entered a judgment in the amount of $124,777.94 in attorney fees and costs. Defendants appealed, and this Court affirmed the order granting summary disposition and the order of judgment awarding fees and costs.[1] After defendants' application for leave to appeal was denied by the Supreme Court,[2] plaintiffs moved the trial court to amend the judgment to include interest accrued up to that date under MCL 600.6013(8). In response, defendants argued that plaintiffs were improperly

---

[1] *City of Bad Axe v Pamar Enterprises, Inc*, unpublished per curiam opinion of the Court of Appeals, issued January 14, 2020 (Docket No. 345810).

[2] *City of Bad Axe v Pamar Enterprises, Inc*, 507 Mich 881 (2021).

calculating interest, resulting in almost double the interest award defendants were responsible for. The trial court agreed with plaintiffs and entered an amended judgment in the amount requested, $164,965.62.

In the present appeal, plaintiffs change their position and no longer stand by the award of $164,965.62. The parties now agree that the trial court incorrectly calculated judgment interest by following plaintiffs' motion. The parties dispute, however, whether interest should run from the date of judgment or the date of the complaint. Defendants argue that interest should only be calculated from the date of the initial judgment (September 18, 2018), resulting in an amended judgment of $134,072.83. Plaintiffs, on the other hand, contend that the calculation of interest should run from the date the complaint was filed (February 5, 2016), with a corrected judgment of $143,067.95.[3]

## II. ANALYSIS

MCL 600.6013 permits an award of interest on a money judgment. *Chelsea Investment Group, LLC v Chelsea*, 288 Mich App 239, 258; 792 NW2d 781 (2010). MCL 600.6013(8) provides in relevant part:

> Except as otherwise provided in subsections (5) and (7) and subject to subsection (13), for complaints filed on or after January 1, 1987, interest on a money judgment recovered in a civil action is calculated at 6-month intervals *from the date of filing the complaint* at a rate of interest equal to 1% plus the average interest rate paid at auctions of 5-year United States treasury notes during the 6 months immediately preceding July 1 and January 1, as certified by the state treasurer, and compounded annually, according to this section. Interest under this subsection is calculated on the entire amount of the money judgment, including attorney fees and other costs. [MCL 600.6013(8) (emphasis added).]

As we explained in *Chelsea Investment Group, LLC*, 288 Mich App at 259: "MCL 600.6013(8) simply requires that interest on a judgment be recalculated every six months from the date of the filing of the complaint using the interest rates announced on July 1 or January 1, whichever is 'immediately preceding' the complaint's six-month calculation date."

MCL 600.6013(8) "plainly states that interest on a money judgment is calculated from the date of filing the complaint." *Ayar v Foodland Distrib*, 472 Mich 713, 716; 698 NW2d 875 (2005). In this case, the complaint was filed on February 5, 2016, and judgment was entered in favor of plaintiffs on September 18, 2018, awarding $124,777.94 in attorney fees and costs. In response to plaintiffs' motion for interest, defendants admitted in their response brief that plaintiffs were "entitled to interest dating back to the filing of the complaint." Additionally, at the motion hearing before the trial court, defendants' counsel stated: "[T]he interest runs in the beginning when the complaint is filed. We all agree on that."

---

[3] This issue involves a question of statutory interpretation, which we review de novo. *Chelsea Investment Group, LLC v Chelsea*, 288 Mich App 239, 258-259; 792 NW2d 781 (2010).

Defendants now argue that the starting date for interest to accrue is the September 18, 2018 judgment date. They do not dispute that under MCL 600.6013(8) interest is calculated from the date the complaint is filed. Rather, they argue that the original judgment entered in September 2018 already incorporated prejudgment interest dating back to the filing of the complaint, and that plaintiffs are attempting to "double dip" by seeking to add that same amount to the amended judgment. The record, however, does not support defendants' contention that the original judgment included prejudgment interest. In the trial court's July 31, 2018 order determining legal fees, the court awarded plaintiffs $115,052.00 in attorney fees and $9,725.94 in costs. The combined total of the fees and costs, $124,777,94, was the judgment amount contained in the September 2018 order. And there is no mention of interest in either the order determining fees or the order of judgment. Accordingly, there is no basis in the record to conclude that plaintiffs have already been awarded prejudgment interest.

In sum, the trial court erred by granting plaintiffs' request for an amended judgment in the amount of $164,965.62 because that amount was based on incorrectly calculated interest. On remand, the trial court shall calculate interest as required by MCL 600.6013(8), with interest running from date the complaint was filed.

Reversed and remanded for proceedings consistent with this opinion. No costs are awarded, neither party prevailing in full. MCR 7.219(A). We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Michelle M. Rick
/s/ Kristina Robinson Garrett