*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JAMES ALLEN DELMOTTE,

        Plaintiff-Appellant,

v

SECRETARY OF STATE,

        Defendant-Appellee

FOR PUBLICATION
February 25, 2025
10:25 AM

No. 370273
Lapeer Circuit Court
LC No. 2023-056619-AL

Before: BOONSTRA, P.J., and M. J. KELLY and MALDONADO, JJ.

MALDONADO, J.

Plaintiff appeals by right from the March 7, 2024 order of Lapeer Circuit Court dismissing the case.[1] The case was dismissed because the court denied plaintiff's appeal from an administrative decision by a hearing officer for defendant, the Secretary of State (SOS), that granted plaintiff a restricted driver's license subject to a requirement that he install a breath alcohol ignition interlock device (BAIID) in his car. We vacate the circuit court's order and remand for further proceedings.

## I. BACKGROUND

In 2016, plaintiff's driver's license was revoked after two convictions of operating a vehicle while intoxicated (OWI). In 2023, plaintiff had a hearing before an SOS officer of the Driver's License Appeal Division (DLAD). At the hearing, plaintiff was granted a restricted license, which required him to operate a vehicle equipped with a BAIID. In an order modifying the revocation/denial action from 2016, the hearing officer briefly stated the history of petitioner's license revocation. Also, in the order, the hearing officer explained that because plaintiff "in full sustained remission" of alcohol disorder, "he is given a 'good' prognosis for continued abstinence

---

[1] Defendant challenges jurisdiction in this case by claiming that the appeal was untimely. Defendant's challenge is without merit as the appeal was filed on March 27, 2024, within the 21 days required by the court rule. MCR 7.205.

from alcohol." Additionally, the order stated that pursuant requirements of [Administrative] Rule 13, plaintiff established that his "substance abuse problem was under control and likely to remain under control," and that plaintiff maintained the prescribed minimum period of abstinence. Without further listing findings and conclusions of law, the hearing officer denied the full restoration request but approved a restricted license with BAIID.

Subsequently, plaintiff filed a claim of appeal in the Lapeer Circuit Court, asserting that the hearing officer did not provide any analysis or grounds for denial of plaintiff's request for full driver's license restoration. Plaintiff asserted in his claim of appeal that the hearing officer was presented with evidence demonstrating plaintiff's eligibility for full license restoration. This evidence included a favorable substance abuse evaluation with a recommendation for license restoration as well as letters of recommendation verifying plaintiff's sobriety. Plaintiff contended that the decision was an abuse of the hearing officer's discretion because it was not supported by competent, material, and substantial evidence on the whole record and that it was arbitrary and capricious. Plaintiff requested that the circuit court grant him full restoration of his license or remand the case back to DLAD for re-evaluation.

The circuit court heard oral arguments on October 30, 2023. Plaintiff, through his counsel, asserted that he had satisfied the requirements of Administrative Rule 13 or MCL 257.313 and had presented evidence that adequately demonstrated his record of sobriety. Plaintiff noted that his two OWIs (in 2014 and 2015) were his only criminal convictions. Additionally, plaintiff stated that he does not take any prescription medication and is in "full sustained remission," with a prognosis of success. Defendant offered a brief argument that the hearing officer may order a restricted license before consideration for an unrestricted license. Defendant argued that the hearing officer was within its discretion to ask for a one-year restricted license to make sure that plaintiff has full control of his substance abuse disorder. After hearing oral arguments, the court expressed concern regarding appeal hearing powers pursuant to MCL 257.322. The court's main concern was that, based on the language of the statute, it is difficult for the appellate court to indicate how the hearing officer's decision was inappropriate. The court stated that, although the administrative hearing appeared to be contentious, the hearing officer had full authority to grant a restricted license. However, the court concluded that it could not grant full driver's restoration to plaintiff even though plaintiff is a good candidate to have his license fully restored.

## II. STANDARDS OF REVIEW

"This Court reviews a lower court's review of an administrative decision to determine whether the lower court applied correct legal principles and whether it misapprehended or misapplied the substantial-evidence test to the agency's factual findings, which is essentially a clearly erroneous standard of review." *Vanzandt v State Employees Retirement Sys*, 266 Mich App 579, 585; 701 NW2d 214 (2005). This Court reviews questions of statutory interpretation de novo. *Ayar v Foodland Distributors*, 472 Mich 713, 715, 698 NW2d 875 (2005). The interpretation of administrative regulations is also a question of law that this Court reviews de novo. *In re Petition of Attorney General for Investigative Subpoenas*, 274 Mich App 696, 698; 736 NW2d 594 (2007). An agency's interpretation of a statute "is entitled to respectful consideration" but "cannot conflict with the plain meaning of the statute." *In re Complaint of Rovas Against SBC Mich*, 482 Mich 90, 108; 754 NW2d 259 (2008). The "respectful consideration" standard provides that an agency's decision "ought not to be overruled without cogent reasons." *Id*. " '[R]espectful consideration' is

much like what we give to a trial court's view of a legal issue on de novo review." *3M Co v Dep't of Environment Great Lakes & Energy*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 364067); slip op at 5.

## III. ANALYSIS

Plaintiff argues that the circuit court erred by failing to discharge its duty to review the hearing officer's decision. We agree.

The hearing officer's authority is guided by Michigan Admin Code, R 257.313(1)(a), which provides that the hearing officer may not order that a license be issued to a petitioner unless the petitioner has proved the following by clear and convincing evidence:

> (*i*) That the petitioner's alcohol or substance abuse problems, if any, are under control and likely to remain under control.

> (*ii*) That the risk of the petitioner repeating his or her past abusive behavior is a low or minimal risk.

> (*iii*) That the risk of the petitioner repeating the act of operating a motor vehicle while impaired by, or under the influence of, alcohol or controlled substances or a combination of alcohol and a controlled substance . . . is a low or minimal risk.

> (*iv*) That the petitioner has the ability and motivation to drive safely and within the law.

> (*v*) Other showings that are relevant to the issues identified in paragraphs (*i*) to (*iv*) of this subdivision.

Additionally, MCL 257.322 addresses hearings and appeals with regard to final determinations. Specifically, MCL 257.322(5) provides:

> (5) After a hearing, the hearing officer may affirm, modify, or set aside a final determination of the secretary of state denying an application for an operator's or chauffeur's license, suspending, restricting, or revoking an operator's or chauffeur's license, or any other license action. *The hearing officer shall include his or her findings of fact and conclusions of law in the record.* (Emphasis added.)

In this case, the administrative order specifically stated that "based on the Findings of Fact and Conclusions of Law on the record," the original license revocation had been modified and a restricted license was approved. However, the transcript of the administrative hearing lacks any statements of findings of fact and conclusions of law. Moreover, the record made by the hearing officer offered strong support for a finding that plaintiff's alcohol abuse disorder remained under control and that the risk of him repeating alcoholic abusive behavior was low. Yet, the hearing officer generically ordered installation of BAIID to allow the monitoring of "[p]etitioner's continued recovery from substance abuse or dependence, and to provide [him] the opportunity to

demonstrate the required ability and motivation to drive safely and within the law."[2]  Therefore, plaintiff had a strong argument to present to the circuit court on appeal.

The circuit court in this case did not dispute the limited evidentiary support of the DLAD's ruling, and offered a contrary opinion that plaintiff is "a good candidate" to have his license fully restored.  However, the circuit court reasoned that it is bound by published case law and it has "concern" regarding its "appeal hearing powers" pursuant to MCL 257.322.  Specifically, the court's reading of the statute made it "difficult" for it to "indicate[] what the Hearing Officer did is inappropriate."  More specifically, the circuit court stated that it cannot fully restore plaintiff's driver's license based on its interpretation of the statute.

MCL 257.323(4)(a) provides that the circuit court shall set aside a decision of the DLAD if the decision was:

> (*i*) In violation of the Constitution of the United States, the state constitution of 1963, or a statute.

> (*ii*) In excess of the secretary of state's statutory authority or jurisdiction.

> (*iii*) Made upon unlawful procedure resulting in material prejudice to the petitioner.

> (*iv*) Not supported by competent, material, and substantial evidence on the whole record.

> (*v*) Arbitrary, capricious, or clearly an abuse or unwarranted exercise of discretion.

> (*vi*) Affected by other substantial and material error of law.  [MCL 257.323(4)]

MCL 257.323(4)(*iv*) and (*v*) clearly give a circuit court the power to set aside an administrative agency's decision if it concludes that the hearing officer's decision was "[n]ot supported by competent, material, and substantial evidence on the whole record," or whether it was "arbitrary, capricious, or clearly an abuse or unwarranted exercise of discretion."  Although the scope of a circuit court's review of DLAD decisions is limited, the circuit court in this case failed to apply the proper standards of review under MCL 257.323(4)(*iv*) and (*v*).

Additionally, the circuit court in this case stated erroneously that it was bound by the "*published*" decision in *Heimler v Secy of State*, unpublished opinion of the Court of Appeals, issued November 15, 2002 (Docket No. 235174), p 1.  However, *Heimler* is actually an unpublished opinion and, therefore, not binding.  *Cox v Hartman*, 322 Mich App 292, 307; 911 NW2d 219 (2017).  In *Heimler*, this Court reversed the circuit court's ruling setting aside the hearing officer's decision as an abuse of discretion.  *Heimler*, unpub op at 1.  The circuit court in this case suggested

---

[2]  A restricted license issued pursuant to MCL 257.304(4) requires that the operator only use a vehicle equipped with BAIID.  MCL 257.304(4).

that *Heimler* stands for the proposition that circuit courts could not replace the judgment of a hearing officer even if it could reach a different conclusion. Put differently, the circuit court, after acknowledging that plaintiff was a good candidate to have his license restored, concluded that it was bound by *Heimler* to affirm. It is true that courts may consider unpublished opinions for their instructive or persuasive value. See *Cox*, 322 Mich App at 307. However, the circuit court did not use *Heimler* in a persuasive manner, but instead adamantly insisted that it is bound by it. Contrary to the circuit court's conclusion, it did have the authority to review the hearing officer's decision.

## III. CONCLUSION

We vacate the circuit court's order dismissing the case and remand back to the circuit court for the proper review consistent with this opinion. We do not retain jurisdiction. Plaintiff, being the prevailing party, may tax costs. MCR 7.219(A).

/s/ Allie Greenleaf Maldonado
/s/ Mark T. Boonstra
/s/ Michael J. Kelly